**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DYNCORP INTERNATIONAL, LLC | ) ) |
| and | ) ) |
| EDO CORPORATION | ) ) ) |
| Defendants. | ) ) |

Case No. 1:06-CV-01717
Judge Richard J. Leon

**MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF, OF DEFENDANT EDO CORPORATION TO TREAT AS
<u>CONCEDED ITS MOTION TO DISMISS OR ALTERNATIVELY TRANSFER</u>**

William M. Sullivan, Jr.
　Federal Bar No. 467269
　Email: wsullivan@winston.com
Sarah M. Hall
　Federal Bar No. 479119
　Email: smhall@winston.com
Ryan S. Spiegel
　Federal Bar No. 489103
　Email: rspiegel@winston.com
**WINSTON & STRAWN LLP**
1700 K Street, N.W.
Washington, D.C. 20006
Tel. (202) 282-5000
Fax (202) 282-5100

*Counsel for Defendant EDO Corporation*

Pursuant to Local Rule of Civil Procedure 7(b), Defendant EDO Corporation ("EDO"), by and through its undersigned counsel, respectfully moves this Court to treat as conceded EDO's *Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim and to Dismiss or Transfer for Improper Venue*, filed on November 15, 2006. This Court has ample discretion to treat EDO's Motion as conceded, and an exercise of that discretion is appropriate here.

## I.   PROCEDURAL HISTORY

Plaintiff filed this civil action against Defendants DynCorp International, LLC ("DynCorp") and EDO, alleging various common law tort claims and one Virginia statutory claim against EDO. On November 15, 2006, EDO timely filed its *Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim and to Dismiss or Transfer for Improper Venue*. That motion was filed electronically via the Court's CM/ECF system, and pursuant to Local Rule of Civil Procedure ("LCvR") 5.4(d), was thus served on WWNS the same day.

To date, approximately three weeks later, Plaintiff has filed *no* opposition or other response. On December 1, 2006, this Court issued a Minute Order to show cause requiring that "[P]laintiff file a response, if any, to the defendants' Motions to Dismiss or Transfer no later than December 8, 2006. If the plaintiff fails to respond, the Court may treat the motion as conceded pursuant to Local Rule 7(b) and dismiss the complaint against defendant[s]."

## II.     STATEMENT OF POINTS AND AUTHORITIES

Local Rule of Civil Procedure 7(b) requires opposing parties to respond to a motion within 11 days.  LCvR 7(b).[1]  An additional three days are added under Federal Rule of Civil Procedure 6(e) when the motion is served electronically.  Fed. R. Civ. P. 6(e).  Therefore, because EDO's aforementioned motion was filed electronically on November 15, 2006, Plaintiff's opposition to the motion was due on Wednesday, November 29, 2006.  Notwithstanding an extension to this deadline ordered by the December 1, 2006, Minute Order of the Court, Plaintiff has still failed to file any opposition as of the date and time that the instant Motion is being filed.

As explained by the recent opinion of this Court in *Jones v. NIH Fed. Credit Union* (Leon, J., presiding), LCvR 7(b) fulfills an important judicial efficiency function by serving as a "docket management tool":

> Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the Court may treat the motion as conceded.… This rule is a *"docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues."* Fox v. American Airlines, Inc., 363 U.S. App. D.C. 459, 389 F.3d 1291, 1294 (D.C. Cir. 2004).  In Fox, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's . . . motion, the Court treats the motion as conceded and grants the motion." Id.

*Jones v. NIH Fed. Credit Union*, Civil Case No. 00-1773 (RJL), 2006 U.S. Dist. LEXIS 10118, at *4 (D.D.C. Feb. 27, 2006) (emphasis added).  *See also Harrison v. Snow*, No. 04-5248, 2004 U.S. App. LEXIS 26401, at *1 (D.C. Cir. Dec. 16, 2004) (per curiam).

---

[1]     For the purposes of computing the 11 days referenced in this Rule, weekends and holidays *are* counted.  *See, e.g., Jones v. NIH Fed. Credit Union*, Civil Case No. 00-1773 (RJL), 2006 U.S. Dist. LEXIS 10118, at *2 (D.D.C. Feb. 27, 2006) (Leon, J., presiding) (noting that response was due on May 2, 2005 for a motion filed on April 18, 2005, including three extra days under Rule 6(e)).  Note that Federal Rule of

Also noted by this Court in *Jones v. NIH Fed. Credit Union* is the high degree of deference the D.C. Circuit gives to a District Court's decision to grant a motion to treat as conceded per LCvR 7(b):

> Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary; and our Circuit Court has noted that "where the district Court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." Twelve John Does v. District of Columbia, 326 U.S. App. D.C. 17, 117 F.3d 571, 577 (D.C. Cir. 1997).

*Jones*, 2006 U.S. Dist. LEXIS 10118, at *4. *See also Harrison v. Snow*, No. 04-5248, 2004 U.S. App. LEXIS 26401, at *1 (D.C. Cir. Dec. 16, 2004) (per curiam).

In *Jones*, after plaintiffs failed to file an opposition by the deadline of May 2, 2005, defendants promptly requested on May 9, 2005 – seven days after the plaintiffs' missed deadline – that their motion for judgment on the pleadings be treated as conceded. This Court granted defendants' request. *Jones*, 2006 U.S. Dist. LEXIS 10118, at *2-5 (granting defendants' motion for judgment on the pleadings where "the plaintiffs not only failed to file their opposition on time, but also failed to file a motion for enlargement of time prior to the due date for their opposition"). Accordingly, the Court is not required to provide any grace period or lenience to plaintiffs who, without any valid excuse, violate the clearly and strictly established deadlines for filing timely opposition briefs. *See Fox*, 389 F.3d at 1294.

Additionally, upon finding that motions to dismiss have been conceded by plaintiffs who fail to respond under LCvR 7(b), this Court has granted such dispositive motions *with prejudice*. For example, in *Gurara v. D.C.*, Civ. Action No. 02-196 (RJL),

---

Civil Procedure 6(a) instructs that holidays and weekend are excluded *only* when the time for responding is *less than* 11 days – which is not the case here. Fed. R. Civ. P. 6(a).

4

2006 U.S. Dist. LEXIS 60936 (D.D.C. Mar. 1, 2006) (Leon, J., presiding), this Court granted the defendant's motion to dismiss after finding that the plaintiff conceded the motion pursuant to Local Rule 7(b) by failing to file an opposition. Quoting *Link v. Wabash R. Co.,* 370 U.S. 626 (1962), the Court noted that "'[t]he authority of a federal trial court to dismiss a plaintiff's action *with prejudice* because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'"  *Gurara*, 2006 U.S. Dist. LEXIS 60936, at *3 n.1 (quoting *Link*, 370 U.S. at 629-30) (emphasis added).  *See also Johnson v. Wash. Gas Light Co*., 404 F. Supp. 2d 179, 179 n.1, 181-82 (D.D.C. 2005) (Leon, J., presiding) (dismissing the case "with prejudice" after plaintiff conceded to defendant's motion for summary judgment by failing to comply with Local Rule 7(b)).

### III.   CONCLUSION

In accordance with the letter and spirit of Local Rule of Civil Procedure 7(b), this Court should exercise its authority to treat Defendant EDO's prior motion as conceded. As explained, this Rule is an important tool for the efficient administration of justice and for the provision of closure to parties' disputes, and it was treated dismissively by Plaintiff.  As such, the Court should dismiss the case against EDO with prejudice.

### IV.   RELIEF REQUESTED

EDO respectfully requests the following relief:

   a.   that the Court grant EDO's Motion to Dismiss for Lack of Personal Jurisdiction;

   b.   that the Court grant EDO's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted;

  c.  that the Court grant EDO's Motion to Dismiss for Improper Venue, or alternatively, transfer this case to the U.S. District Court for the Eastern District of Virginia; and

  d.  that the Court award EDO such other relief as it may deem just and proper.

Dated:   Washington, D.C.
         December 4, 2006

        Respectfully submitted,

        /s/ William M. Sullivan, Jr.
        William M. Sullivan, Jr.
            Federal Bar No.  467269
              Email: wsullivan@winston.com
        Sarah M. Hall
            Federal Bar No. 479119
              Email: smhall@winston.com
        Ryan S. Spiegel
            Federal Bar No. 489103
              Email: rspiegel@winston.com
        **WINSTON & STRAWN LLP**
        1700 K Street, N.W.
        Washington, D.C.  20006
        Tel. (202) 282-5000
        Fax (202) 282-5100

        *Counsel for Defendant EDO Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2006, a copy of the foregoing *MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, OF DEFENDANT EDO CORPORATION TO TREAT AS CONCEDED ITS MOTION TO DISMISS OR ALTERNATIVELY TRANSFER* was filed electronically.  I understand that pursuant to Local Civil Rule 5.4(d), electronic filing of the aforementioned Motion operates to effect service on all counsel, because all counsel have obtained CM/ECF passwords.

                                           /s/ William M. Sullivan, Jr.
                                           William M. Sullivan, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WORLDWIDE NETWORK SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06-CV-01717 |
| | ) | Judge Richard J. Leon |
| DYNCORP INTERNATIONAL, LLC, and EDO CORPORATION. | ) ) ) | |
| Defendants. | ) ) ) | |

**PROPOSED ORDER**

After having reviewed the parties' memoranda as well as the pertinent facts, statutes, case law, and other relevant materials, the *MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, OF DEFENDANT EDO CORPORATION TO TREAT AS CONCEDED ITS MOTION TO DISMISS OR ALTERNATIVELY TRANSFER* is hereby

GRANTED, and as a result, Plaintiff's case against EDO is dismissed with prejudice.

_____
The Honorable Richard J. Leon
United States District Judge