IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DYNCORP INTERNATIONAL, LLC,<br><br>and<br><br>EDO CORPORATION,<br><br>Defendants. | Case No. 1:06cv01717<br>Judge: Richard J. Leon |

**PLAINTIFF WORLDWIDE NETWORK SERVICES, LLC'S MEMORANDUM IN OPPOSITION TO MOTION OF DEFENDANT EDO CORPORATION TO TREAT AS <u>CONCEDED ITS MOTION TO DISMISS OR ALTERNATIVELY TRANSFER</u>**

Michele A. Roberts (D.C. Bar No. 337998)
Anthony T. Pierce (D.C. Bar No. 415263)
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: 202.887.4000
Facsimile: 202.887.4288

*Counsel for Plaintiff Worldwide Network Services, LLC*

Plaintiff Worldwide Network Services, LLC ("WWNS"), by and through its undersigned counsel, respectfully asks this Court to deny Defendant EDO Corporation's Motion to Treat as Conceded ("Motion") its Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim and to Dismiss or Transfer for Improper Venue ("Motion to Dismiss").

## ARGUMENT

Due to an error by one of its attorneys, WWNS has not responded yet to Motions to Dismiss or Transfer filed by Defendants DynCorp International, LLC ("DynCorp") and EDO Corporation ("EDO"). WWNS will comply with the Court's December 1, 2006, Minute Order, however, by filing responses to both of Defendants' motions on or before the Court's stated deadline of December 8, 2006. In light of the Court's Order, EDO's Motion is premature and should be denied.

### I.     The Court has Exercised Its Discretion

Local Rule of Civil Procedure 7(b) states that "[i]f such a memorandum [in opposition] is not filed within the prescribed time, the court *may* treat the motion as conceded." L. R. Civ. P. 7(b) (emphasis added). Thus, as EDO notes, the Court has "ample discretion" to determine the effect WWNS's inadvertant mistake has on its Complaint. In addition, EDO is correct that this Court recently has noted that its authority to treat a motion as conceded under Local Rule of Civil Procedure 7(b) is "highly discretionary." *See Jones v. NIH Fed. Credit Union*, 2006 U.S. Dist. LEXIS 10118, at *4 (D.D.C. Feb. 27, 2006); (EDO Mot. at 3-4). However, the Court *has* exercised its discretion. On December 1, 2006, this Court, *sua sponte*, issued a Minute Order directing WWNS to file a response to Defendants' Motions to Dismiss or Transfer no later than December 8, 2006. The Court further stated that if, at that point, WWNS "fails to respond, the Court may treat the motion as conceded pursuant to Local Rule 7(b) and dismiss the complaint against defendant." EDO's Motion, therefore, is premature.

## II. Chronology

WWNS filed a complaint with this Court against Defendants DynCorp and EDO on October 5, 2006. The Complaint was served on EDO on October 10, 2006. Pursuant to applicable rules of civil procedure, the deadline for any EDO response to the Complaint was October 30, 2006. DynCorp was served on October 6, 2006, and its deadline to file a response was October 26, 2006.

Both Defendants, however, asked WWNS for extensions of time, to which WWNS, as a professional courtesy and without questioning the merits of their respective requests, readily consented:

- On or about October 16, 2006, counsel for EDO contacted WWNS counsel and requested an extension of time within which to respond to WWNS complaint. WWNS agreed to a 16-day extension of time.

- On October 20, 2006, EDO filed its Unopposed Motion for Extension of Time to File Answer or Otherwise Respond to Complaint. The Court granted the motion on October 25, 2006.

- On or about October 11, 2006, counsel for DynCorp contacted WWNS counsel asking for an extension of time in which to file a response to WWNS's complaint. WWNS agreed to an 18-day extension of time.

- On October 12, 2006, DynCorp filed an Unopposed Motion for Extension of Time to File Response/Reply to Complaint. The Court granted the motion on October 14, 2006.

## III. EDO's Motion

In light of the order of events, EDO's assertion that its Motion to Dismiss was "timely filed" is misleading. (EDO Mot. at 2). Although EDO's response to WWNS's Complaint was due on October 30, 2006, that deadline was extended to November 15, 2006. Tellingly, while EDO's Motion otherwise lists exact dates, nowhere does it note that WWNS's Complaint was filed on October 5, 2006, thus obscuring the fact that EDO's Motion to Dismiss was filed more

2

than two weeks after the initial response deadline. Indeed, nowhere in its Motion does EDO mention that it requested an extension of time.

EDO's claim that "[t]o date, approximately three weeks later, Plaintiff has filed *no* opposition or other response" to EDO's Motion to Dismiss (EDO Mot. at 2) also is disingenuous. As EDO acknowledges on the very next page of its memorandum, "Plaintiff's opposition to the motion was due on Wednesday, November 29, 2006" – six calendar days ago. Pursuant to Local Rule of Civil Procedure 7(b) and Federal Rule of Civil Procedure 6(e), WWNS's response to EDO's Motion to Dismiss admittedly was due on November 29, 2006. WWNS, however, inadvertently missed that deadline. Due to attorney error, WWNS miscalculated the number of days it had to respond to EDO's Motion to Dismiss (as well as DynCorp's motion); an associate mistakenly applied the rule for responding to an initial pleading rather than to a motion. This error, while regrettable, has not prejudiced EDO and should not be the basis for penalizing WWNS.

EDO also implies that it does not know why WWNS did not meet the deadline to respond to its Motion to Dismiss, (EDO Mot. at 4), and even implies that it was purposeful, stating that Local Rule 7(b) "was treated dismissively by Plaintiff." (EDO Mot. at 5). Those implications and assertions are patently false and misleading. Counsel for WWNS first learned of the error on Thursday, November 30, 2006. Believing that the deadline to filing responses to Defendant's motions had not yet passed, WWNS counsel contacted DynCorp counsel to ask for its reciprocal consent to an extension of time in which WWNS could file its response to DynCorp's motion. DynCorp counsel informed WWNS of the passed deadlines for WWNS's responses, after which counsel for WWNS immediately confirmed the mistake. On November 30 and December 1, 2006, through a series of voicemails and telephone calls, WWNS informed counsel for both

3

EDO and DynCorp of the mistake and asked for their consent to a motion to file its opposition memoranda out of time and for an extension of time. Both Defendants' counsel refused to consent – even though WWNS previously had consented to both Defendants' requests for extensions of time – and instead invited WWNS to file its motion, at which time they would consider a response. Counsel for WWNS was in the process of drafting such a motion when the Court issued its December 1, 2006, Minute Order.

Lastly, EDO misrepresents this Court's Minute Order. EDO claims that "this Court issued a Minute Order to show cause," presumably about why WWNS missed its filing deadline. As this Court is aware, however, its Minute Order did not contain an order to show cause. The Order states, in full:

> On November 13, 2006, and November 15, 2006, defendants filed separate Motions to Dismiss or Transfer plaintiff's complaint. As of the date of this order, plaintiff has not filed an opposition to these motions. It is hereby ORDERED that plaintiff file a response, if any, to the defendants' Motions to Dismiss or Transfer no later than December 8, 2006. If the plaintiff fails to respond, the Court may treat the motion as conceded pursuant to Local Rule 7(b) and dismiss the complaint against defendant. Signed by Judge Richard J. Leon on 12/1/06.

Indeed, the Court's Minute Order is in accord with the frequent practice of this Court to treat as conceded motions left unanswered *only after* a warning similar to the one issued to WWNS's counsel in this case. *See, e.g., Steady v. United States Patent and Trademarks Office*, Civ. A. No. 05-01356 (RJL), 2006 U.S. Dist. LEXIS 50128, at *2 (D.D.C. Jul. 24, 2006); *Loney v. McGowen*, Civ. A. No. 05-205 (RJL), 2006 U.S. Dist. LEXIS 13322, at *2-*3 (D.D.C. Mar. 14, 2006); *Gurara v. D.C.*, Civ. A. No. 02-196 (RJL), 2006 U.S. Dist. LEXIS 60936, at *2-*3 (D.D.C. Mar. 6, 2006) (dismissed after two orders); *McCaskill v. James*, Civ. No. 02-2305 (RJL), 2006 U.S. Dist. LEXIS 10099, at *3-*4 (D.D.C. Feb. 28, 2006); *Hyde Leadership Pub. Charter Sch. v. Lewis*, Civ. No. 05-0487 (RJL), 2006 U.S. Dist. LEXIS 59541, at *3 (D.D.C.

Feb. 27, 2006). Such practice is in accord with federal courts' strong policy in favor of resolving disputes on their merits. *See, e.g., Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).

In light of the Court's Minute Order, it is irrelevant that WWNS "has still failed to file any opposition of the date and time that [EDO's] instant Motion is being filed." (EDO Mot. at 3). This Court ordered that WWNS "file a response, if any, to the defendants' Motion to Dismiss or Transfer no later than December 8, 2006." That WWNS freely granted an 18 day and 16 day extension of time to DynCorp and EDO, respectively, is relevant, however. The December 8, 2006, deadline set by this Court functionally equates to a nine-day extension of time to respond to EDO's Motion to Dismiss – seven days less than the extension of time WWNS readily consented to provide to EDO.

### IV.  Conclusion

Because the Court already has ruled on the issue presented by EDO's Motion, EDO's request that the Court reverse itself should be rejected. WWNS's failure to meet the deadline established by Local Civil Rule 7(b) solely was due to attorney error, and WWNS should not be punished for that inadvertant error. WWNS will comply with the Court's December 1, 2006 Minute Order, at which time this case can be decided on its merits.

Dated:  December 5, 2006                                     Respectfully submitted,

/s/ Michele A. Roberts

Michele A. Roberts (D.C. Bar No. 337998)
Anthony T. Pierce (D.C. Bar No. 415263)
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC  20036
Telephone: 202.887.4000
Facsimile:  202.887.4288

*Counsel for Plaintiff Worldwide Network Services, LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2006, I caused a copy of the foregoing Memorandum in Opposition to Motion of Defendant EDO Corporation to Treat as Conceded Its Motion to Dismiss or Alternatively Transfer to be filed electronically. I understand that, pursuant to Local Civil Rule 5.4(d), notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michele A. Roberts
Michele A. Roberts