**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WORLDWIDE NETWORK SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06-CV-01717 |
| DYNCORP INTERNATIONAL, LLC | ) ) | Judge Richard J. Leon |
| and | ) ) | |
| EDO CORPORATION | ) ) ) | |
| Defendants. | ) ) ) | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT EDO CORPORATION'S MOTION TO TREAT AS CONCEDED
ITS MOTION TO DISMISS OR ALTERNATIVELY TRANSFER**

William M. Sullivan, Jr.
    Federal Bar No.  467269
    Email: wsullivan@winston.com
Sarah M. Hall
    Federal Bar No. 479119
    Email: smhall@winston.com
Ryan S. Spiegel
    Federal Bar No. 489103
    Email: rspiegel@winston.com
**WINSTON & STRAWN LLP**
1700 K Street, N.W.
Washington, D.C.  20006
Tel. (202) 282-5000
Fax (202) 282-5100

*Counsel for Defendant EDO Corporation*

In response to Plaintiff's brief in opposition to EDO's motion to treat its Motion to Dismiss as conceded pursuant to Local Rule 7(b), counsel for EDO assures this Court and Plaintiff that they are simply pursuing procedural avenues that are not only *available* as codified in the Local Rules, but that have been *successful* in past cases before this Court. To do any less would be to fall short of serving the best interests of the client. As demonstrated by the cases cited in EDO's opening brief that were decided by this Court and the D.C. Circuit, the Courts have routinely treated motions such as EDO's Motion to Dismiss as conceded – and with prejudice to the late or non-filing litigant's case.

Undersigned counsel for EDO is committed to conducting this litigation in a dignified, courteous and professional manner, while simultaneously advocating zealously and employing well-supported arguments. In that spirit, EDO presents this reply which – respectfully – underscores the flaws in Plaintiff's opposition brief.

## I.     STATEMENT OF POINTS AND AUTHORITIES

### A. The Court's Minute Order Did Not Have the Effect of Depriving Itself of the Discretion to Treat EDO's Motion as Conceded.

WWNS admits that this Court has broad discretion in deciding whether to treat a motion as conceded under Local Rule 7(b). Pl.'s Opp'n at 1. Nevertheless, Plaintiff mistakenly suggests that the Court's December 1 Minute Order now prevents the Court from further exercising that broad discretion. EDO is aware of no case law, and Plaintiff has cited none, suggesting that the Court's issuance of an order such as the Court's December 1 Minute Order somehow precludes the Court from subsequently treating the relevant motion as conceded. Even if Plaintiff files its opposition to EDO's Motion to Dismiss by December 8, Local Rule 7(b) still remains an option for relief to be exercised in the discretion of this Court.

Moreover, the Court's Minute Order was <u>not</u> a *sua sponte* extension of time to file an opposition, but rather a cautionary directive to WWNS to file by December 8 or risk a strong likelihood that EDO's Motion to Dismiss will be treated as conceded pursuant to Local Rule 7(b). As evidence of this, EDO notes that pursuant to Federal Rule of Civil Procedure 6(b)(2), "[i]n the absence of any *motion* for an extension, the trial court ha[s] no basis on which to exercise its discretion" to extend the deadline for late filings. *Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005) (emphasis added). Plaintiff did not make, and still has not made, a *motion* to the Court for extension of time. Thus, because the Court cannot extend the deadline *sua sponte <u>after</u>* a party fails to meet the deadline, the December 1 Minute Order cannot be interpreted as granting a simple extension of time.

Notwithstanding the December 1 Minute Order, it is well within the Court's discretion to treat the Motion to Dismiss as conceded *even if* Plaintiff files an opposition by December 8, because Plaintiff did not file any opposition by November 29. *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004) ("Requiring [the Court] to provide notice, an opportunity to explain and weigh alternatives before enforcing Rule 7(b) would hinder effective docket management."). Nothing in the language of the December 1 Minute Order prohibits the Court from doing so. Moreover, even assuming *arguendo* that the Minute Order did prohibit such action, the Court has the authority to amend its own interlocutory procedural order. Plaintiff cannot rely upon the December 1 Minute Order as protection from Local Rule 7(b). Such an outcome would undermine the intentions of the Rule, effectively rewarding parties who failed to timely file their

oppositions. For all of these reasons, this Court may still treat EDO's Motion to Dismiss as conceded even if Plaintiff files an opposition by December 8.

### B. EDO's Motion to Treat as Conceded Was Not Premature.

Plaintiff submits that EDO's motion was premature, but Local Rule 7(b) speaks for itself: "If such a memorandum [in opposition] is not filed *within the prescribed time*, the court may treat the motion as conceded." LCvR 7(b) (emphasis added). As Plaintiff acknowledges, "WWNS's response to EDO's Motion to Dismiss admittedly was due on November 29, 2006. WWNS, however, inadvertently missed that deadline." Pl.'s Opp'n at 3. Hence, quite simply, Local Rule 7(b) has been triggered here.

Undersigned counsel does not purport to challenge the wisdom of this U.S. District Court in adopting such a Local Rule, or the wisdom of the D.C. Circuit in favorably reviewing this Court's application of such Rule. As counsel, we are bound to follow and defer to the rules of this Court, and we have done so here. And, as this Court and the D.C. Circuit have ruled, Local Rule 7(b) exists for a purpose – as a docket management tool. *See, e.g., Jones v. NIH Fed. Credit Union*, Civil Case No. 00-1773 (RJL), 2006 U.S. Dist. LEXIS 10118, at *4 (D.D.C. Feb. 27, 2006) citing *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004).

Accordingly, EDO's motion was not premature because it was filed *after* WWNS's deadline of November 29, as contemplated by Local Rule 7(b). The fact that this Court issued a Minute Order on December 1, 2006 citing Local Rule 7(b) only *supports* – rather than refutes – the conclusion that EDO's motion, filed on December 4, was filed in the appropriate time frame. The Court's Minute Order recognized and emphasized that the deadline for WWNS's filing of its opposition had passed.

4

**C. Plaintiff's Request to EDO for an Extension of Time Was Made After the Expiration of Its Deadline, Triggering Different Considerations.**

Plaintiff stresses that it did not contest EDO's request for an extension of time to file its Motion to Dismiss, arguing that EDO did not extend the same courtesy to Plaintiff. Indeed, Plaintiff goes so far as to claim that EDO was "misleading" the Court when EDO stated that EDO's Motion to Dismiss was "timely filed." Pl.'s Opp'n at 2. Yet, absent from Plaintiff's brief is any mention of a strikingly significant distinction between EDO's request for a time extension to file its Motion to Dismiss and WWNS's request to untimely file its opposition.

While Plaintiff's counsel was graceful and accommodating when EDO sought an extension of time to file its Motion to Dismiss, EDO sought Plaintiff's consent *before* EDO's original deadline. Moreover, EDO filed a motion with this Court formally requesting the extension, and again EDO did so *before* its original deadline. *See EDO's Unopposed Motion for Extension of Time to File Answer or Otherwise Respond to Complaint*, filed Oct. 20, 2006, Docket #6. Finally, this Court, in a Minute Order issued *before* the original deadline, formally granted EDO's request for an extension of time to file its Motion to Dismiss. *See Minute Order*, entered Oct. 25, 2006. As such, EDO's Motion to Dismiss was, in fact, timely filed in light of the extension granted by the Court.

By sharp contrast, Plaintiff did not approach EDO or DynCorp until *after* its deadline for filing its opposition had passed. *See* Pl.'s Opp'n at 3. Additionally, plaintiff never filed a motion with the Court requesting an extension of time to file its opposition under Federal Rule 6(b)(1), and to date has not even filed a belated motion for extension of time under Federal Rule 6(b)(2). And lastly, this Court did not issue, prior to the deadline, any orders granting Plaintiff such an extension of time. (As explained above,

the December 1 Minute Order was not an extension of time but rather a directive to file an opposition or risk conceding the Motion to Dismiss.)

This distinction is critical. As made clear by Federal Rule of Civil Procedure 6(b), Courts evaluate requests for enlargements of time differently depending on whether the request is made before or after the expiration of the deadline. This disparity between requests for extension of time that are made *before* the initial deadline and those that are made *after* it is further highlighted by this Court's opinion in *Jones v. NIH Fed. Credit Union*, Civil Case No. 00-1773 (RJL), 2006 U.S. Dist. LEXIS 10118 (D.D.C. Feb. 27, 2006) (Leon, J., presiding). As in *Jones*, "[h]ere, the plaintiffs not only failed to file their opposition on time, but *also failed to file a motion for enlargement of time prior to the due date* for their opposition." *Jones*, 2006 U.S. Dist. LEXIS 10118, at \*4-5 (emphasis added) (treating the opposition as conceded and granting defendants' motion for judgment on the pleadings).

Under the Federal Rules, parties seeking an extension of time *after* the deadline has already expired must show "excusable neglect." Fed. R. Civ. P. 6(b)(2). As addressed by the U.S. Supreme Court, this standard cannot ordinarily be met by counsel's mistakes in construing applicable rules. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 392 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"). Additionally, this District Court has refused to find "excusable neglect" in situations similar to the instant one - where the party's non-filing was due to a fault within its own control. *See Wild v. Alster*, Civil Action No. 01-0479 (RBW), 2005 U.S. Dist. LEXIS 12780, at \*4-5 (D.D.C. June 17, 2005) (holding that "'fault in the delay [is] perhaps the

most important factor'" and finding no excusable neglect even where the length of the delay was minor and no prejudice resulted) (citation omitted); *Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3-4 (D.D.C. 2003) (same holding) ("The court concludes that the plaintiff's justifications do not constitute excusable neglect. On the key factor of fault, the plaintiff clearly had control over the events leading to the delay."). *See also Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996). Hence, Plaintiff's excuse of "attorney error" in "mistakenly" applying the wrong rule, Pl.'s Opp'n at 3, does not rise to the level of excusable neglect needed. *See also Committee for Idaho's High Desert*, 92 F.3d at 825 ("misconstruction of a nonambiguous rule cannot, under Ninth Circuit precedent, constitute excusable neglect to justify an extension of time").

Here, Plaintiff offers no justification amounting to, and indeed does not even reference, "excusable neglect" in its brief. According to plaintiff, counsel "mistakenly applied the rule for responding to an initial pleading rather than to a motion." Pl.'s Opp'n at 3. Even if Plaintiff's error rose to the level of excusable neglect – which it does not – granting an extension under Federal Rule 6(b)(2) would still be impossible since "post-deadline extensions may be granted only 'for cause shown' *and 'upon motion.'*" *Smith*, 430 F.3d at 456 (emphasis added) (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896 (1990)). *See* Pl.'s Opp'n at 1 (acknowledging that the Court's December 1 Minute Order was issued "*sua sponte*").[1]

Undersigned counsel would have gladly consented to a request for extension of time made by Plaintiff *before* the expiration of Plaintiff's deadline, but Plaintiff did not

---

[1]    Ironically, when confronted with EDO's Motion to Treat as Conceded, Plaintiff assembled an Opposition in less than half a business day. Yet, even though Plaintiff learned on November 30 that it had missed its deadline to file its opposition to EDO's Motion to Dismiss, *see* Pl.'s Opp'n at 3, Plaintiff has still not filed a motion for extension of time, nor has Plaintiff filed an opposition to EDO's Motion to Dismiss.

make a request until after its deadline had passed. Indeed, as Plaintiff concedes, Plaintiff was not even aware of the passing of its deadline until co-defendant DynCorp *informed* Plaintiff of it on November 30. Pl.'s Opp'n at 3. Given that Plaintiff requested EDO's consent *after* the filing deadline, undersigned counsel simply could not elevate professional courtesy over pursuing the best interests of its client by way of a meritorious – and potentially successful – Local Rule 7(b) motion. Moreover, as explained above, Plaintiff still would have been required to show excusable neglect and to make a formal motion under Federal Rule 6(b)(2), with or without EDO's consent.

### D. The Court's Order Is an Order to Show Cause, Both Literally and Effectively.

Plaintiff also claims that EDO misrepresents this Court's December 1 Minute Order, arguing that it was not an order to show cause. But the subject line of the *Notice of Electronic Filing* sent by e-mail to all counsel in this case contains the words "Order to Show Cause." *See* Exhibit 1, attached hereto.

Moreover, Plaintiff cites to "the frequent practice of this Court" in arguing that the Minute Order was not an Order to Show Cause. Pl.'s Opp'n at 4 (citing cases). However, it is, in fact, the practice of this Court that such orders – requiring non-filing parties to file a response or risk having the motion be treated as conceded under Local Rule 7(b) – are "show cause" orders. *See Nat'l Satellite Sports*, 2006 U.S. Dist. LEXIS 44741, at *6 (Leon, J., presiding) ("In light of the circumstances surrounding the failure of the Defendants to file an opposition … and the incomplete response to this Court's Order to Show Cause, this Court will treat Plaintiff's Motion for Summary Judgment as

conceded. LCvR 7(b).")  *See also Elders v. Md. Air Nat'l Guard*, Civil Action No. 03-1157 (RMC), 2005 U.S. Dist. LEXIS 5655, at *2-3 (D.D.C. Mar. 31, 2005).

Tellingly, none of the cases cited by Plaintiff proves otherwise. *See* Pl.'s Opp'n at 4 (citing cases). In each of these opinions, the Court states that it issued an "Order" requiring a party to file an opposition to a motion and advising that party of the consequences of failing to do so. But the opinions do not clarify whether such Order is an order to show cause or is something else. Either way, Plaintiff's citation to these cases does not prove that it is the practice of this Court *not* to issue "show cause" orders in such cases.[2] The logical interpretation of these orders is that they are indeed "show cause" orders, even if they are not explicitly titled as such, particularly in light of cases such as *National Satellite Sports*.  Again, here the Notice of Electronic Filing includes the express description "Order to Show Cause."  *See* Exhibit 1, attached hereto. Accordingly, the higher burden applicable to "show cause" orders applies in these cases, and it applies to Plaintiff here as well.

Plaintiff also argues that treating these orders as warnings rather than "show cause" orders "is in accord with federal courts' strong policy in favor of resolving disputes on their merits." Pl.'s Opp'n at 5 (citing *Jackson v. Beech*, 636 F.2d 831 (D.C. Cir. 1980)).  However, in *Fox*, the D.C. Circuit explained that the need to balance the "'strong presumption in favor of adjudications on the merits'" with "the need for the district court to have at its disposal 'powerful tools to manage [its] docket[], prevent undue delay, and sanction those who abuse the system'" is actually more relevant when

---

[2]    It is worth noting that in all of these cases cited by Plaintiff, the Court treated the motions as conceded pursuant to Local Rule 7(b), even where many of the plaintiffs were *pro se* and were given more leniency in complying with court rules. Additionally, in *McCaskill v. James*, the Court did issue an "Order

district courts are sitting as *bankruptcy appellate courts* with a complete record before

them.    *Fox*, 389 F.3d at 1295 (quoting *English-Speaking Union v. Johnson*, 353 F.3d

1013, 1021 (D.C. Cir. 2004)).  But as explained by the opinion in *Fox*, the scales weigh

more heavily in favor of the latter when district courts are sitting as *trial courts*:

> We reconcile these competing interests differently in the trial
> setting where the district court may well have before it multiple
> opposed motions--"any and all" of which are subject to Local Rule
> 7(b). *Bender*, 127 F.3d at 67. Requiring it to provide notice, an
> opportunity to explain and weigh alternatives before enforcing
> Rule 7(b) would hinder effective docket management. *See ESU*,
> 353 F.3d at 1021 ("Strictly enforcing procedural rules ensures both
> that cases are adjudicated efficiently and that litigants argue their
> causes on a level playing field."); *see also Bender*, 127 F.3d at 67.
> Accordingly, as we have often observed, "where the district court
> relies on the absence of a response as a basis for treating the
> motion as conceded, we honor its enforcement of the rule." *Twelve
> John Does v. Dist. of Columbia*, 326 U.S. App. D.C. 17, 117 F.3d
> 571, 577 (D.C. Cir. 1997); *see also Bender*, 127 F.3d at 68; *Geller
> v. Randi*, 309 U.S. App. D.C. 269, 40 F.3d 1300, 1304-05 (D.C.
> Cir. 1994). We do so again here.

*Fox*, 389 F.3d at 1295.  Accordingly, the overriding policy interest of Local Rule 7(b) is

docket management.  To argue otherwise would ignore the fundamental purpose of Local

Rule 7(b).

Finally, Plaintiff fails to rebut any of the cases cited by EDO for the proposition

that this Court enjoys the discretion to dismiss Plaintiff's case *with prejudice*.  Indeed,

Plaintiff dedicates a substantial portion of its brief to agreeing with EDO that this Court

has "ample discretion" when it comes to Local Rule 7(b).    *See* Pl.'s Opp'n at 1.

Presumably, Plaintiff therefore concedes that the Court may dismiss this case *with*

*prejudice*.

---

to Show Cause" why the case should not be dismissed for lack of prosecution.  *McCaskill v. James*, Civil

## II.    CONCLUSION

In light of the foregoing, undersigned counsel is duty-bound to assert arguments that are colorable, legitimate and appropriate in pursuit of a result that is in the best interests of its client, EDO.

This Court should exercise its ample discretion to treat Defendant EDO's Motion to Dismiss as conceded pursuant to Local Rule of Civil Procedure 7(b).  Not only is this Local Rule an important tool for the efficient administration of justice, but Plaintiff has not demonstrated a sufficient reason why it should not be applied here.  Plaintiff has not recognized the differences between EDO's request for extension of time and its own, failed to submit proper motions pursuant to Federal Rule 6(b)(2), failed to assert reasons why its inaction constitutes excusable neglect and failed to recognize the effect of this Court's December 1 Order to Show Cause.

## III.    RELIEF REQUESTED

EDO respectfully requests the following relief:

a.    that the Court treat EDO's Motion to Dismiss as conceded and, accordingly, dismiss the case against EDO with prejudice; and

b.    that the Court award EDO such other relief as it may deem just and proper.

---

Case No. 1:02-cv-02305 (RJL), Dkt. 22 (D.D.C. Feb. 2, 2005) (Leon, J., presiding).

Dated:    Washington, D.C.
          December 6, 2006

                             Respectfully submitted,


                             /s/ William M. Sullivan, Jr.
                             William M. Sullivan, Jr.
                                   Federal Bar No.  467269
                                   Email: wsullivan@winston.com
                             Sarah M. Hall
                                   Federal Bar No. 479119
                                   Email: smhall@winston.com
                             Ryan S. Spiegel
                                   Federal Bar No. 489103
                                   Email: rspiegel@winston.com
                             **WINSTON & STRAWN LLP**
                             1700 K Street, N.W.
                             Washington, D.C.  20006
                             Tel. (202) 282-5000
                             Fax (202) 282-5100

                             *Counsel for Defendant EDO Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2006, a copy of the foregoing *MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, OF DEFENDANT EDO CORPORATION TO TREAT AS CONCEDED ITS MOTION TO DISMISS OR ALTERNATIVELY TRANSFER* was filed electronically.  I understand that pursuant to Local Civil Rule 5.4(d), electronic filing of the aforementioned Motion operates to effect service on all counsel, because all counsel have obtained CM/ECF passwords.


/s/  William M. Sullivan, Jr.
William M. Sullivan, Jr.

**EXHIBIT 1**

## Spiegel, Ryan

| | |
|---|---|
| **From:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Sent:** | Friday, December 01, 2006 11:29 AM |
| **To:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-01717-RJL WORLDWIDE NETWORK SERVICES LLC v. DYNCORP INTERNATIONAL LLC et al "Order to Show Cause" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from lcrjl1, entered on 12/1/2006 at 11:28 AM EDT and filed on 12/1/2006

| | |
|---|---|
| **Case Name:** | WORLDWIDE NETWORK SERVICES LLC v. DYNCORP INTERNATIONAL LLC et al |
| **Case Number:** | 1:06-cv-1717 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
MINUTE ORDER: On November 13, 2006, and November 15, 2006, defendants filed separate Motions to Dismiss or Transfer plaintiff's complaint. As of the date of this order, plaintiff has not filed an opposition to these motions. It is hereby ORDERED that plaintiff file a response, if any, to the defendants' Motions to Dismiss or Transfer no later than December 8, 2006. If the plaintiff fails to respond, the Court may treat the motion as conceded pursuant to Local Rule 7(b) and dismiss the complaint against defendant. Signed by Judge Richard J. Leon on 12/1/06. (lcrjl1)

The following document(s) are associated with this transaction:

**1:06-cv-1717 Notice will be electronically mailed to:**

Sarah M. Hall    smhall@winston.com

Michele A. Roberts    mroberts@akingump.com

George D. Ruttinger    gruttinger@crowell.com, dsasse@crowell.com; dchapman@crowell.com; mavallone@crowell.com; khestvik@crowell.com

Ryan S. Spiegel    rspiegel@winston.com

William M. Sullivan , Jr    wsullivan@winston.com, DocketDC@winston.com

12/5/2006

**1:06-cv-1717 Notice will be delivered by other means to:**

12/5/2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WORLDWIDE NETWORK SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:06-CV-01717 Judge Richard J. Leon |
| DYNCORP INTERNATIONAL, LLC, and EDO CORPORATION. | ) ) ) | |
| Defendants. | ) ) ) | |

**PROPOSED ORDER**

After having reviewed the parties' memoranda as well as the pertinent facts, statutes, case law, and other relevant materials, the *MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, OF DEFENDANT EDO CORPORATION TO TREAT AS CONCEDED ITS MOTION TO DISMISS OR ALTERNATIVELY TRANSFER* is hereby

GRANTED, and as a result, Plaintiff's case against EDO is dismissed with prejudice.

_____
The Honorable Richard J. Leon
United States District Judge