IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No. 1:06cv01717 (RJL) )   Judge Richard J. Leon |
| DYNCORP INTERNATIONAL, LLC, | ) ) |
| and | ) ) |
| EDO CORPORATION, | ) ) |
| Defendants. | ) ) |

**JOINT REPORT PURSUANT TO FEDERAL RULE 26(f)
AND LOCAL CIVIL RULE 16.3(d)**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(d), the parties hereby report to the Court that they met and conferred in person on December 27, 2006. The parties submit this report summarizing their recommendations to the Court of the terms on which they propose that the case proceed.

**The Parties' Positions with Respect to Matters Set Forth
in Local Civil Rule 16.3(c)**

1. <u>Discovery pending outcome of dispositive motions</u>

Defendant DynCorp International, LLC, filed a motion to transfer pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, on November 13, 2006. On November 15, 2006, Defendant EDO Corporation filed a motion to dismiss this action pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal

Rules of Civil Procedure or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a). Both motions have been briefed fully. Plaintiff Worldwide Network Services, LLC, maintains that discovery should proceed forthwith. Both Defendants contend that discovery should be stayed until the Court decides the motions.

2. <u>Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues</u>

Defendant EDO Corporation anticipates the need to join an additional party to this action. The parties agree that any joinder should take place 60 days prior to the close of fact discovery. With respect to the factual and legal issues presented by the Complaint, the parties agree that it is too early to determine whether any issues can be agreed upon or narrowed.

3. <u>Assignment to a Magistrate Judge</u>

Defendants DynCorp International, LLC and EDO Corporation agree that the case should not be assigned to a magistrate judge for any purpose, including trial. Plaintiff Worldwide Network Services believes that the case should not be assigned to a magistrate other than for purposes of discovery or mediation.

4. <u>Whether There is a Realistic Possibility of Settlement</u>

In light of the pending motions to dismiss/transfer, and the fact that the pleadings are not yet complete, the parties agree that it is too early to determine whether there is a realistic possibility of settling the case. At an appropriate time, the parties are prepared to explore the possibility of resolving this case short of trial.

5. <u>Whether the Case Could Benefit from ADR</u>

In light of the pending motions to dismiss/transfer, and the fact that the pleadings are not yet complete, the parties agree that it is too early to determine whether the case could benefit from the use of one or more of the Court's alternative dispute resolution procedures.

6.  <u>Whether the Case Can Be Resolved by Summary Judgment or Motion to Dismiss</u>

All parties intend to move for summary judgment as to the claims advanced in the Complaint. The parties agree as to the following timetable for filing dispositive motions, subject to the different commencement time noted in paragraph 8 below:

| | |
|---|---|
| Dispositive Motions | 360 days from start of discovery |
| Opposition to Motions | 390 days from start of discovery |
| Reply Briefs | 405 days from start of discovery |

7.  <u>Rule 26(a)(1)</u>

The parties agree to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

8.  <u>Discovery matters</u>

The parties agree to the following schedule for the activities outlined in Local Civil Rule 16.3(c). The parties disagree, however, as to when the schedule should begin. Plaintiff Worldwide Network Services, LLC, believes that the schedule should commence on January 26, 2007. Defendants DynCorp International, LLC and EDO Corporation believe the schedule should begin after the Court issues its decision with respect to the pending motions to transfer/dismiss, assuming that the Court retains jurisdiction over any portion of the case.

| | |
|---|---|
| Final date for serving written discovery | 240 days from start of discovery |
| Close of fact discovery | 270 days from start of discovery |
| Deadline for pleading amendments | 300 days from start of discovery |
| Expert reports | 300 days from start of discovery |
| Rebuttal expert reports | 330 days from start of discovery |
| Close of expert discovery | 390 days from start of discovery |

The parties agree upon the need for a protective order in this matter and will negotiate the terms of such an order at the appropriate time. The parties further agree that it is too early to determine whether any limits on discovery are necessary other than those currently imposed by the Federal Rules of Civil Procedure.

9.  Experts

The parties agree that expert discovery should be conducted in accordance with the schedule set forth in paragraph 8 above.

10. Motion for Class Certification

Not applicable.

11. Bifurcation of Discovery and Trial

Defendant EDO Corporation reserves the option of proposing a bifurcated trial.

12. Date for Pre-trial Conference

The parties agree it is premature to select a pre-trial conference date.

13. Trial Date

Plaintiff Worldwide Network Services contends that the Court should set a trial date at the status conference scheduled for January 26, 2007. Defendants DynCorp International, LLC and EDO Corporation believe a firm trial date should be set at the pretrial conference.

14. Other Matters

Defendants DynCorp International, LLC and EDO Corporation request that their answers be due 30 days after the Court's decision on the pending motions to transfer/dismiss, should the Court decline to dismiss Plaintiff's case in its entirety. Plaintiff Worldwide Network Services, LLC, requests that Defendants' answers be filed in the time provided under federal and local rules.

**Joint Statement of Facts**

In 2003, Worldwide Network Services, LLC ("WWNS"), a minority-owned company, entered into a subcontractor relationship with DynCorp International, LLC ("DynCorp") in connection with DynCorp's work on the U.S. Department of State's Civilian Police ("CIVPOL") and Worldwide Personal Protective Services ("WPPS") programs in Iraq and Afghanistan. DynCorp issued task orders to WWNS under these Indefinite Delivery/Indefinite Quantity contracts. WWNS alleges that DynCorp replaced WWNS with EDO Corporation ("EDO") to perform some of the work WWNS used to perform.

WWNS's statutory claims are based on 42 U.S.C. § 1981 and the Virginia Civil Conspiracy Act; its other claims arise from common law.[1] WWNS alleges that DynCorp, motivated by racial animus, interfered with WWNS's contractual performance and refused to work with WWNS on those subcontracts and other government contracts and projects. WWNS further alleges that DynCorp and EDO defamed WWNS by making false statements about its financial status, tortiously interfered with WWNS's employee contracts and its prospective business relationships with other customers, and conspired to commit these torts.

DynCorp has filed a motion to transfer pursuant to 28 U.S.C. § 1404(a), or alternatively dismiss, arguing that WWNS's claims should be transferred to E.D. Va., pursuant to a WPPS subcontract forum selection clause, to determine which claims should be litigated and which should be arbitrated pursuant to a CIVPOL subcontract arbitration clause. EDO has filed a motion to dismiss, arguing that WWNS cannot satisfy the D.C. long-arm statute to establish personal jurisdiction over EDO, has failed to allege facts sufficient to state claims against EDO, and venue is improper. Alternatively, EDO argues the case should be transferred to E.D. Va.

---

[1] Neither DynCorp nor EDO has filed an answer, affirmative defenses or counterclaim responding to WWNS's allegations pending resolution of their respective motions to dismiss/transfer.

DATED:   January 10, 2007     Respectfully submitted,


  /s/  Michele A. Roberts

Michele A. Roberts (D.C. Bar No. 337998)
Anthony T. Pierce (D.C. Bar No. 415263)
Debra A. Drake (D.C. Bar No. 479907)
Jonathan P. Robell (D.C. Bar. No. 493977)
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC  20036
Telephone:  202.887.4000
Facsimile:   202.887.4288

*Counsel for Plaintiff Worldwide
Network Services, LLC*


  /s/  George D. Ruttinger

George D. Ruttinger (D.C. Bar No. 214445)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:     (202) 624-2500
Facsimile:     (202) 628-5116

*Counsel for Defendant
DynCorp International, LLC*


    /s/  William M. Sullivan, Jr.

William M. Sullivan, Jr.
    Federal Bar No.  467269
    Email: wsullivan@winston.com
Sarah M. Hall
    Federal Bar No. 479119
    Email: smhall@winston.com
Ryan S. Spiegel
    Federal Bar No. 489103

       Email: rspiegel@winston.com
**WINSTON & STRAWN** LLP
1700 K Street, N.W.
Washington, D.C.  20006
Tel. (202) 282-5000
Fax (202) 282-5100

*Counsel for Defendant EDO Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC,    )<br>    )<br>    Plaintiff,    )<br>    )<br>v.    )<br>    )<br>DYNCORP INTERNATIONAL, LLC,    )<br>    )<br>and    )<br>    )<br>EDO CORPORATION,    )<br>    )<br>    Defendants.    )<br>    ) | Case No. 1:06cv01717 (RJL)<br>Judge Richard J. Leon |

## [PROPOSED] SCHEDULE

Upon review and consideration of the Joint Report Pursuant to Federal Rule 26(f) and Local Civil Rule 16.3(d), it is hereby

**ORDERED** that Discovery in this matter shall commence on

    ____  January 26, 2007

    ____  After the Court rules on the pending Defendant DynCorp International's Motion to Transfer under 28 U.S.C. § 1404(a) or in the Alternative Dismiss under Fed. R. Civ. P. 12(b)(3) and Defendant EDO Corporation's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim and to Dismiss or Transfer for Improper Venue

It is further **ORDERED** that the parties shall adhere to the following schedule from the commencement of discovery:

| | |
|---|---|
| Joinder of parties | 210 days |
| Final date for service of written discovery | 240 days |

2

| | |
|---|---|
| Final date of fact discovery | 270 days |
| Deadline for pleading amendments | 300 days |
| Submission of expert reports | 300 days |
| Rebuttals to expert reports | 330 days |
| Dispositive motions | 360 days |
| Responses to dispositive motions | 390 days |
| Final date of expert discovery | 390 days |
| Replies to responses to dispositive motions | 405 days |

It is further **ORDERED** that Defendants' responsive pleadings, if so required, shall be filed with the Court

    ____ Within the time prescribed by Rule 12(a)(4) of the Federal Rules of Civil Procedure

    ____ Thirty days after the Court rules on the pending Defendant DynCorp International's Motion to Transfer under 28 U.S.C. § 1404(a) or in the Alternative Dismiss under Fed. R. Civ. P. 12(b)(3) and Defendant EDO Corporation's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim and to Dismiss or Transfer for Improper Venue

**SO ORDERED** this ____ day of January 2007.

 

_____

The Honorable Richard J. Leon
United States District Judge

2