## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WORLDWIDE NETWORK SERVICES, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**DYNCORP INTERNATIONAL, LLC,**<br><br>**and**<br><br>**EDO CORPORATION**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No. 1:06cv01717**
**Judge: Richard J. Leon**

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT DYNCORP INTERNATIONAL'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a) OR IN THE ALTERNATIVE TO DISMISS UNDER FED. R. CIV. P. 12(b)(3)

Pursuant to the Court's authorization at the status conference on January 26, 2007, Defendant DynCorp International LLC ("DI") submits this supplemental memorandum in support of its pending motion to transfer under 28 U.S.C. § 1404(a) or, in the alternative, dismiss under Fed. R. Civ. P. 12(b)(3). Plaintiff Worldwide Networks Services ("WWNS") has brought an action in this Court asserting a variety of tort claims as well as a claim under 42 U.S.C. § 1981. As DI argued in its opening and reply briefs, the factual allegations of WWNS's complaint make clear that WWNS's claims arise out of and directly relate to two subcontracts between DI and WWNS for performance of services in support of DI's contracts with the U.S.

Department of State. Those subcontracts contain binding forum selection clauses under which all claims arising out of or relating to the subcontracts are to be resolved either in arbitration or by non-jury trial in a court of competent jurisdiction in the state of Virginia.

In its Opposition to DI's motion, WWNS argues that none of its claims should be transferred to a Virginia court or submitted to arbitration because those claims are "not based upon the subject matter" of the subcontracts. (Opp. at 6). However, on January 26, 2007, WWNS served interrogatories and document requests on DI that belie this assertion. (*See* Exhibits 5 and 6 attached hereto). In particular, WWNS's requests for production of documents underline the inescapable fact that WWNS's claims are directly related to the negotiation, performance, and conclusion of the contractual relationship between DI and WWNS.[1] Thus, WWNS requests, *inter alia*:

> 5. All documents and communications related to or concerning task orders issued to WWNS, including but not limited to task orders issued pursuant to the CIVPOL Subcontract and/or the WPPS Subcontract.

> 6. All documents and communications related to or concerning the CIVPOL Subcontract and the WPPS Subcontract, including but not limited to the negotiation of the CIVPOL Subcontract and/or the WPPS Subcontract.

* * * *

---

[1] The direct connection between WWNS's claims and the subcontracts was already clear from the factual allegations of the Complaint and correspondence from WWNS's Counsel alerting DI to potential contract claims by WWNS that it threatened to submit to arbitration or litigation in Virginia courts. *See* Memorandum in Support of DI Motion at 4-5 (summarizing Complaint allegations) and Exhibits 3-4 (October 4, 2006 correspondence from WWNS counsel). In particular, many of the same alleged actions by DI that the Complaint characterizes as "torts" were described by WWNS counsel as "violation[s] of the covenant of good faith and fair dealing that is fundamental to every contract" and as a "constructive termination of the purchase orders and Subcontract agreement." (Ex. 3 at 4).

2

9.      All documents and communications related to or
        concerning WWNS's work performance, including but not
        limited to work performed pursuant to the CIVPOL
        Subcontract and/or the WPPS Subcontract.

                        * * * *

11.     All documents and communications with the State Dept.
        and/or Defense Dept. related to or concerning WWNS,
        including but not limited to WWNS's work performance.

12.     All documents and communications related to or
        concerning any payments to WWNS, including but not
        limited to payments for work performed by WWNS.

                        * * * *

15.     All documents and communications related to or
        concerning [DI's] decision to exercise or not to exercise
        options to extend the CIVPOL Subcontract and/or WPPS
        Subcontract.

16.     All documents and communications related to or
        concerning [DI's] negotiation of a subcontract with WWNS
        related to the Air Force Contract Augmentation Program III
        Contract with WWNS.

17.     All documents and communications related to or
        concerning any other subcontract you considered entering
        into with WWNS.

(Exhibit 6 at 6-7; emphasis added).

Artful pleading cannot conceal the fact that WWNS is making claims that are deeply

rooted in the contractual relationship between DI and WWNS, and should therefore be resolved

in accordance with the binding forum selection clauses in those contracts.

DI respectfully requests that its Motion to Transfer or in the Alternative to Dismiss be granted.

Respectfully submitted,


/s/ George D. Ruttinger
George D. Ruttinger (Bar No. 214445)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, D.C.  20004-2595
Phone: 202-624-2670
Fax: 202-628-5116

Attorney for Defendant DynCorp International, LLC

February 5, 2007

DCIWDMS: 2947239_1

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2007, a copy of the foregoing Supplemental

Memorandum in Support of Defendant DynCorp International's Motion to Transfer Under 28

U.S.C. § 1404(a) or in the Alternative to Dismiss Under Fed. R. Civ. P. 12(b)(3) was filed

electronically. I understand that notice of this filing will be sent to all parties by operation of the

Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ George D. Ruttinger    <br>
George D. Ruttinger

Exhibit 5 to Supplemental Memorandum in Support of
Defendant DynCorp International's Motion to Transfer
Under 28 U.S.C. § 1404(a) or in the Alternative to
Dismiss Under Fed. R. Civ. P. 12(b)(3)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **WORLDWIDE NETWORK SERVICES, LLC,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | **Case No. 1:06cv01717 (RJL)** **Judge Richard J. Leon** |
| **DYNCORP INTERNATIONAL, LLC,** | ) ) | |
| and | ) ) | |
| **EDO CORPORATION,** | ) ) | |
| **Defendants.** | ) ) ) | |

**PLAINTIFF WORLDWIDE NETWORK SERVICES, LLC'S**
**FIRST SET OF INTERROGATORIES TO**
**DEFENDANT DYNCORP INTERNATIONAL, LLC**

**TO:**   DynCorp International, LLC, by and through its counsel of record, George D. Ruttinger, Esq., CROWELL & MORING, LLP, 1001 Pennsylvania Avenue, NW, Washington, DC 20004.

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Worldwide Network Services, LLC, hereby requests that you answer the following Interrogatories, in writing and under oath, within 30 days of date of service. Responses to this First Set of Interrogatories shall be made in accordance with the definitions and instructions specified herein, and delivered to Michele A. Roberts, AKIN GUMP STRAUSS HAUER & FELD, LLP, 1333 New Hampshire Avenue, NW, Washington, DC 20036.

## DEFINITIONS

1.     "Defendant" or "DynCorp" means DynCorp International, LLC, as well as all of its employees, former employees, agents, attorneys, investigators, and other persons acting, purporting to act, or who have acted on behalf of DynCorp.

2.     "EDO" means Defendant EDO Corporation, as well as all of its wholly-owned subsidiaries, employees, former employees, agents, attorneys, investigators, and other persons acting, purporting to act, or who have acted on behalf of EDO.

3.     "Plaintiff" or "WWNS" means Plaintiff Worldwide Network Services, LLC, including but not limited to its employees and former employees.

4.     "Complaint" means the complaint filed by Plaintiff against DynCorp and EDO on October 5, 2006.

5.     "CIVPOL Subcontract" means Subcontract Number WWNS04-0001-CIV between DynCorp and WWNS dated November 12, 2004.

6.     "WPPS Subcontract" means Subcontract Number WWNS04-002-WPPS between DynCorp and WWNS dated January 18, 2005.

7.     "State Dept." shall mean the United States Department of State, including but not limited to all agencies and departments under its control.

8.     "Defense Dept." shall mean the United States Department of Defense, including but not limited to all agencies and departments under its control.

9.     "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).    If it is an approximation, please so state.

10.    "Describe in detail" and its cognates means to state each and every fact concerning the information requested by the Interrogatory, including without limitation: (a) the identity of each person having knowledge of each fact or opinion relating to the information requested; (b) the identity of each document showing or relating to the information requested; (c) the identity of all communications relating to the information requested; and (d) all relevant dates and time periods.

11.    The term "identify" with respect to a writing or document means to set forth:

    a.    A description of the writing or documents including the subject matter;

    b.    The type of document (*e.g.*, letter, memorandum, notes and its title);

    c.    The date of the document, if indicated, or the approximate date, if the document is undated;

    d.    Identification of the author(s) and all recipients;

    e.    Identification of the parties to any agreement embodied therein;

    f.    The present location of the original and all copies of the document, including the identification of the person having custody of it; and

    g.    What disposition was made of any document that is no longer in your possession or subject to your control, and the date of such disposition.

12.    The term "identify" with respect to a natural person means to set forth:

    a.    The person's full name;

    b.    The person's present address and telephone number or, if unknown, the last known address and telephone number and the last date they were known to use the address and telephone number;

    c.    The person's employer, occupation, and job title, both presently (or last known) and at the time of the particular occurrence or writing involved; and,

     d.     The person's relationship, if any, to you.

13.     The term "identify" with respect to an entity other than a natural person means to set forth:

     a.     The full name or title of the entity;

     b.     The present or last known address and telephone number of the entity;

     c.     The nature or type of entity, if known; and,

     d.     The jurisdiction and place of its incorporation or association.

14.     The term "identify" with respect to an entity other than a natural person means to set forth:

     a.     The full name or title of the entity;

     b.     The present or last known address and telephone number of the entity;

     c.     The nature or type of entity, if known; and,

     d.     The jurisdiction and place of its incorporation or association.

15.     The term "identify" with respect to a communication means to set forth:

     a.     The communication's medium (*e.g.*, written, meeting, telephone conversation);

     b.     The date of the communication;

     c.     A description of the contents of the communication;

     d.     The name of each person participating in and/or privy to the communication; and,

     e.     The name of the person who initiated the communication.

16.     "State the basis" means to state with specificity all facts supporting, contradicting or otherwise relating to the subject matter of the Interrogatory, and to identify all

communications or documents relating to such facts, as well as all persons likely to have knowledge of such facts.

17.   "Documents" is synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and includes, without limitation, any printed, written, taped, recorded, graphic, computerized printout, electronically stored or other tangible matter or materials from which information can be obtained.

18.   "Communications" means every manner or means of disclosure, transfer or exchange of information, whether oral, electronic, by document or otherwise, and whether face-to-face, in a meeting, or by telephone, mail, electronic mail, personal delivery or otherwise.

19.   "Person" or "persons" means all natural persons, associations, corporations, firms, joint ventures, partnerships, sole proprietorships, unions, and any other form of business organization or arrangement, governmental or quasi-governmental agencies, federations, or any other kind of entity.  If the entity is not a natural person, then it includes all natural persons associated with the entity.

20.   The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever necessary to bring within the scope of this Request any information which might otherwise be considered to be beyond its scope.

21.   "Related to"  or "Concerning" or any part, variation or combination thereof, in addition to its customary and usual meaning, means discussing, constituting, mentioning, pertaining to, assessing, recording, describing, touching upon and/or summarizing.

22.   "You" and its cognates means DynCorp as defined above.

23.   The relevant time period for these requests is January 1, 2003 through the present time.

## INSTRUCTIONS

1.     In answering the following Interrogatories, you are required to furnish under oath all knowledge and information that is available to you, including information in your possession, custody, or control, including all knowledge and information in the possession, custody, or control of your attorneys and/or agents or other persons directly or indirectly employed by, or connected with you or anyone acting on your behalf or otherwise subject to your control as that term is defined in the Federal Rules of Civil Procedure.  In answering these Interrogatories, you are requested to make a diligent search of your records and of other papers and materials in your possession or that are available to you or your representatives.

2.     If you object to responding to any part of an Interrogatory, respond to each part of the Interrogatory to which you do not object and state separately the grounds for your objection.

3.     If any of the Interrogatories cannot be answered in full after exercising due diligence to secure the requested information, so state in response to that Interrogatory and answer to the extent possible, explaining your inability to answer the remainder, and state whatever information and/or knowledge you have concerning the unanswered portions.  If your answer is qualified in any particular, please set forth the details of such qualifications.

4.     Each Interrogatory shall be accorded a separate answer, and any subpart of an Interrogatory shall be accorded a separate answer.

5.     The use of the singular shall be deemed to include the plural, and vice versa.  The term "all" includes "any," and vice versa.  The terms "and" and "or" should be interpreted as conjunctive, disjunctive, or both, depending on the context, so as to have their broadest meaning. Whenever necessary to bring within the scope of the request all information or documents that might otherwise be construed to be outside its scope, the use of a verb in any tense shall be construed as the use of the verb in all other tenses.

6.     If you object to any Interrogatory or subpart thereof under Fed. R. Civ. P. 33, the objection shall state with specificity all the grounds for the objection.

7.     The following Interrogatories are continuing in nature and you are under a duty to supplement or correct any responses that are incomplete or incorrect and otherwise supplement your responses in accordance with Fed. R. Civ. P. 26(e).

## <u>INTERROGATORIES</u>

1.    Identify all persons having knowledge of the facts of this case and provide a brief summary of each person's knowledge.

**RESPONSE:**

2.    Describe in detail the circumstances in which you selected WWNS as a subcontractor, including but not limited to the role WWNS's status as a minority-owned business played in your decision to entered into the CIVPOL Subcontract and the WPPS Subcontract.

**RESPONSE:**

3.    Describe in detail the circumstances in which and reason for not exercising your option to extend the term of the CIVPOL Subcontract and WPPS Subcontract.

**RESPONSE:**

4.    Describe in detail any allegations of discrimination made against you by any person, whether formal or informal.

**RESPONSE:**

5.    Identify and describe in detail all communications you had with the State Dept. and/or Defense Dept. relating to or concerning WWNS, including the date and place of any such communication and the substance of the communication.

**RESPONSE:**

6.    Identify each and every person who assisted in responding to these Interrogatories and provide a brief summary of the assistance provided.

**RESPONSE:**

Dated:  January 25, 2007

Respectfully submitted,

Michele A. Roberts (D.C. Bar No. 337998)
Anthony T. Pierce (D.C. Bar No. 415263)
Debra A. Drake (D.C. Bar No. 479907)
Jonathan P. Robell (D.C. Bar. No. 493977)
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC  20036
Telephone: 202.887.4000
Facsimile:  202.887.4288

*Counsel for Plaintiff Worldwide Network
Services, LLC*

## CERTIFICATE OF SERVICE

I, Michele A. Roberts, certify that a copy of the foregoing Plaintiff's First Set of

Interrogatories to Defendant DynCorp International, LLC was served via electronic and first-

class mail, postage prepaid, this 25th day of January 2007 upon:

George D. Ruttinger, Esq.
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004

_____
Michele A. Roberts

Exhibit 6 to Supplemental Memorandum in Support of
Defendant DynCorp International's Motion to Transfer
Under 28 U.S.C. § 1404(a) or in the Alternative to
Dismiss Under Fed. R. Civ. P. 12(b)(3)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WORLDWIDE NETWORK SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:06cv01717 (RJL) |
| DYNCORP INTERNATIONAL, LLC, | ) ) | Judge Richard J. Leon |
| and | ) ) | |
| EDO CORPORATION, | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF WORLDWIDE NETWORK SERVICES, LLC'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT DYNCORP INTERNATIONAL, LLC**

**TO:**  DynCorp International, LLC, by and through its counsel of record, George D. Ruttinger, Esq., CROWELL & MORING, LLP, 1001 Pennsylvania Avenue, NW, Washington, DC 20004.

Pursuant to Federal Rules of Civil Procedure 26 and 34, you are advised that all Responses to this First Set of Requests for Production of Documents must be provided in writing within thirty (30) days from the date of service hereof on you, and all documents responsive to these Requests for Production of Documents must be delivered to Michele A. Roberts, AKIN GUMP STRAUSS HAUER & FELD, LLP, 1333 New Hampshire Avenue, NW, Washington, DC 20036. You are advised that these Requests for Production of Documents are continuing in nature and must be supplemented upon receipt of additional or different information by you or your counsel.

## DEFINITIONS

1.      "Defendant" or "DynCorp" means DynCorp International, LLC, as well as all of
its employees, former employees, agents, attorneys, investigators, and other persons acting,
purporting to act, or who have acted on behalf of DynCorp.

2.      "EDO" means Defendant EDO Corporation, as well as all of its wholly-owned
subsidiaries, employees, former employees, agents, attorneys, investigators, and other persons
acting, purporting to act, or who have acted on behalf of EDO.

3.      "Plaintiff" or "WWNS" means Plaintiff Worldwide Network Services, LLC,
including but not limited to its employees and former employees.

4.      "Complaint" means the complaint filed by Plaintiff against DynCorp and EDO on
October 5, 2006.

5.      "CIVPOL Subcontract" means Subcontract Number WWNS04-0001-CIV
between DynCorp and WWNS dated November 12, 2004.

6.      "WPPS Subcontract" means Subcontract Number WWNS04-002-WPPS between
DynCorp and WWNS dated January 18, 2005.

7.      "State Dept." shall mean the United States Department of State, including but not
limited to all agencies and departments under its control.

8.      "Defense Dept." shall mean the United States Department of Defense, including
but not limited to all agencies and departments under its control.

9.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the
best approximation of the date (based upon relationship with other events).   If it is an
approximation, please so state.

10.    "Documents" is synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and includes, without limitation, any printed, written, taped, recorded, graphic, computerized printout, electronically stored or other tangible matter or materials from which information can be obtained.  If any document requested to be identified or produced was but is no longer in your possession or control or is no longer in existence, state whether it is:

     a.    Missing or lost;

     b.    Destroyed;

     c.    Transferred voluntarily or involuntarily to others and, if so, to whom;

     d.    Otherwise disposed of;

and in each instance explain the circumstances surrounding the document passing from your possession or control or the document no longer being in existence, including relevant dates, and describe the contents of each such document.

11.    "Communications" means every manner or means of disclosure, transfer or exchange of information, whether oral, electronic, by document or otherwise, and whether face-to-face, in a meeting, or by telephone, mail, electronic mail, personal delivery or otherwise.

12.    "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any."  The disjunctive includes the conjunctive and vice versa whenever necessary to bring information that might otherwise be considered to be beyond the scope of the Request within its scope.

13.    "Person" or "persons" means all natural persons, associations, corporations, firms, joint ventures, partnerships, sole proprietorships, unions, and any other form of business organization or arrangement, governmental or quasi-governmental agencies, federations, or any

other kind of entity. If the entity is not a natural person, then it includes all natural persons associated with the entity.

14.    The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever necessary to bring within the scope of this Request any information which might otherwise be considered to be beyond its scope.

15.    "Related to" or "Concerning" or any part, variation or combination thereof, in addition to its customary and usual meaning, means discussing, constituting, mentioning, pertaining to, assessing, recording, describing, touching upon and/or summarizing.

16.    "You" and its cognates means DynCorp as defined above.

17.    The relevant time period for these requests is January 1, 2003 through the present time.

## INSTRUCTIONS FOR PRODUCTION OF DOCUMENTS

1.    In responding to these requests, you are instructed to produce all responsive documents in your possession, custody or control.

2.    Pursuant to Federal Rule of Civil Procedure 26(b)(5), if you object to any document request or subpart thereof under Fed. R. Civ. P. 34, the objection shall state with specificity all the grounds for the objection.

3.    Pursuant to Federal Rule of Civil Procedure 26(b)(5), you are obligated to provide a privilege log of all documents withheld from production due to a claim of privilege or work product protection. This log should "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the other parties to address the applicability of the privilege or protection."

4

4.    If you later discover that your responses are incomplete or incorrect, you are

obligated to amend your responses pursuant to Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents and communications related to or concerning the employment of Leon De Beer (or De Beers), Robert Rosenkranz and Walter Merrick, including but not limited to their personnel files and your decision to hire them.

2.     All documents and communications related to or concerning any racial discrimination complaint, formal or informal, lodged against DynCorp by any person.

3.     All documents and communications related to or concerning the race of WWNS's principal owners.

4.     All documents and communications authored, whether separately or jointly, by Leon De Beer (or De Beers), Robert Rosenkranz, Walter Merrick, Rich Walsh, Scott Merriman, Robert McKeon and/or Herbert Lanese related to or concerning WWNS.

5.     All documents and communications related to or concerning task orders issued to WWNS, including but not limited to task orders issued pursuant to the CIVPOL Subcontract and/or the WPPS Subcontract.

6.     All documents and communications related to or concerning the CIVPOL Subcontract and the WPPS Subcontract, including but not limited to the negotiation of the CIVPOL Subcontract and/or the WPPS Subcontract.

7.     All documents and communications related to or concerning the subcontractor selection process for the CIVPOL Subcontract and/or the WPPS Subcontract, including but not limited to bids submitted to you by other potential subcontractors.

8.     All documents and communications between DynCorp and EDO related to or concerning WWNS.

9.     All documents and communications related to or concerning WWNS's work performance, including but not limited to work performed pursuant to the CIVPOL Subcontract and/or the WPPS Subcontract.

10.     All documents and communications with the State Dept. and/or Defense Dept. related to or concerning the CIVPOL Subcontract and/or the WPPS Subcontract.

11.     All documents and communications with the State Dept. and/or Defense Dept. related to or concerning WWNS, including but not limited to WWNS's work performance.

12.     All documents and communications related to or concerning any payment to WWNS, including but not limited to payment for work performed by WWNS.

13.     All documents and communications related to or concerning any report issued by Full Spectrum Communications, LLC ("Full Spectrum") relating to WWNS, including but not limited to any documents and communications referenced in the report or relied upon by Full Spectrum.

14.     All documents and communications related to or concerning EDO's work in Iraq and/or Afghanistan for the CIVPOL and/or WPPS programs.

15.     All documents and communications related to or concerning your decision to exercise or not to exercise options to extend the CIVPOL Subcontract and/or WPPS Subcontract.

16.     All documents and communications related to or concerning your negotiation of a subcontract with WWNS related to the Air Force Contract Augmentation Program III Contract with WWNS.

17.     All documents and communications related to or concerning any other subcontract you considered entering into with WWNS.

18.    All documents and communications you had with WWNS, including but not limited to its former and current employees.

19.    All documents and communications related to or concerning your decision to hire any former WWNS employee(s).

Dated:  January 25, 2007

Respectfully submitted,

Michele A. Roberts (D.C. Bar No. 337998)
Anthony T. Pierce (D.C. Bar No. 415263)
Debra A. Drake (D.C. Bar No. 479907)
Jonathan P. Robell (D.C. Bar. No. 493977)
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC  20036
Telephone: 202.887.4000
Facsimile:  202.887.4288

*Counsel for Plaintiff Worldwide Network Services, LLC*

8

## CERTIFICATE OF SERVICE

I, Michele A. Roberts, certify that a copy of the foregoing Plaintiff's First Set of Requests for Production of Documents to Defendant DynCorp International, LLC was served via electronic and first-class mail, postage prepaid, this 25th day of January 2007 upon:

George D. Ruttinger, Esq.
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004

Michele A. Roberts