# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC, ) ) ) Plaintiff, ) ) v. ) ) DYNCORP INTERNATIONAL, LLC, ) ) and ) ) EDO CORPORATION, ) ) Defendants. ) ) | Case No. 1:06cv01717 (RJL) Judge Richard J. Leon |

**PLAINTIFF WORLDWIDE NETWORK SERVICES, LLC'S MEMORANDUM IN RESPONSE TO SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT DYNCORP INTERNATIONAL'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a) OR IN THE ALTERNATIVE DISMISS UNDER FED. R. CIV. P. 12(b)(3)**

Michele A. Roberts (D.C. Bar No. 337998)
Anthony T. Pierce (D.C. Bar No. 415263)
Debra A. Drake (D.C. Bar No. 479907)
Jonathan P. Robell (D.C. Bar. No. 493977)
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC  20036
Telephone: 202.887.4000
Facsimile:  202.887.4288

*Counsel for Plaintiff Worldwide Network
 Services, LLC*

Plaintiff World Wide Network Services, LLC ("WWNS"), by and through undersigned counsel, respectfully submits this memorandum in response to Defendant DynCorp International, LLC's ("DynCorp") supplemental memorandum in support of its motion to transfer under 28 U.S.C. § 1404(a) or in the alternative dismiss under Fed. R. Civ. P. 12(b)(3).

## ARGUMENT

DynCorp presumes that any and all claims between it and WWNS are subject to the arbitration or forum selection clauses in the subcontracts into which the parties entered.[1]  They are not.  As explained in its December 8, 2006 memorandum in opposition to DynCorp's motion ("Opp. Mem."), WWNS's causes of action are not subject to transfer because they are based upon DynCorp's wrongful acts independent of and across two, discrete subcontracts.  Moreover, those causes of action – racial discrimination and various torts – are not based upon the subject matter or any contractual provision of either of the Subcontracts and thus the arbitration and forum selection clauses are not applicable to those causes.  Not only is there no contractual language anticipating that DynCorp would engage in wrongful conduct amounting to conspiracy or defamation, or that DynCorp would racially discriminate against WWNS or tortiously interfere with its employee and prospective business relationships, but there is no evidence that DynCorp or WWNS intended that those claims be resolved either through arbitration or by the United States District Court for the Eastern District of Virginia.  The claims, therefore, should remain before the Court.

---

[1] Subcontract Number WWNS04-0001-CIV between DynCorp and WWNS, dated November 12, 2004 ("CIVPOL Subcontract") and Subcontract Number WWNS04-0002-WPPS between DynCorp and WWNS, dated January 18, 2005 ("WPPS Subcontract"), collectively "the Subcontracts."

In its Supplemental Memorandum ("Supp. Mem."), DynCorp asserts that some of WWNS's requests for production of documents underline the "fact that WWNS's claims are directly related to the negotiation, performance and conclusion of the contractual relationship between" DynCorp and WWNS. Opp. Mem. at 2. The assertion is beside the point. First, that DynCorp's wrongful acts were manifested in the context of its contractual relationship with WWNS does not mean that WWNS's § 1981 claim arises out of or relates to the Subcontracts. *See, e.g.*, *Lebourgeois v. Rebecca Irene Fisheries, LLC*, No. 03-35965, 2005 U.S. App. LEXIS 9245, at *4-5 (9th Cir. May 19, 2005) (finding that because a "§ 1981 claim ar[ose] from [plaintiff's] employment relationship with [defendant], not in connection with any provision in the written Agreement" the claim was not subject to the agreement's arbitration clause). As stated in the Opp. Mem., DynCorp's racial discrimination manifested itself via the contractual relationship. Second, the "negotiation, performance and conclusion" of the Subcontracts is of course central to WWNS's racial discrimination claim. DynCorp's motives during the course of its contractual relationship with WWNS – including how and to what extent race was a factor in DynCorp's decision-making with respect to WWNS – are central to WWNS's racial discrimination claim. Reading these select requests in conjunction the other discovery requests served on DynCorp clearly reveals as much. *See* Supp. Mem. Exhibits 5 and 6. In other words, discovery requests directed at motivation and pretext are part and parcel of any discrimination case.

WWNS's tort claims likewise fall outside the scope of the Subcontracts, and WWNS's discovery requests underline this fact. Indeed, WWNS's claims for defamation, tortious interference and related conspiracy involve its employee contracts and/or prospective business relationships with others – not the Subcontracts between DynCorp and WWNS. That WWNS

2

simultaneously served requests for production of documents and interrogatories on Defendant EDO Corporation ("EDO") – with which WWNS has *no* contractual relationship – further underscores that these claims do not arise out of or relate to the Subcontracts.

Despite this, DynCorp asserts that WWNS's claims should be "resolved in accordance with the binding forum selection clauses" in the Subcontracts. (Supp. Mem. at 3). To do so, DynCorp requests – without citation to any authority – that the Court transfer the entire case to another forum and let that forum decide which claims remain in federal court and which are to be arbitrated. What DynCorp suggests, in other words, is a scenario where some of WWNS's claims against it could be adjudicated in the Eastern District of Virginia, some are sent to arbitration and the claims WWNS has asserted against EDO Corporation – the same that are asserted against DynCorp – remain here with this Court. Such a scenario is unworkable and improper. The discrimination and tort claims WWNS asserts against DynCorp (and EDO) are not subject to either arbitration or forum selection clause in the Subcontracts. As a result, the Court should deny the instant motion and resolve WWNS's Complaint on the merits.

## CONCLUSION

For the foregoing reasons, as well as all of the reasons detailed in WWNS's December 8, 2006 Memorandum in Opposition, Defendant DynCorp International, LLC's Motion to Transfer under 28 U.S.C. § 1404(a) or in the Alternative Dismiss under Fed. R. Civ. P. 12(b)(3) should be denied.

Dated:  February 12, 2007

Respectfully submitted,

/s/ Michele A. Roberts

Michele A. Roberts (D.C. Bar No. 337998)
Anthony T. Pierce (D.C. Bar No. 415263)
Debra A. Drake (D.C. Bar No. 479907)
Jonathan P. Robell (D.C. Bar. No. 493977)
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC  20036
Telephone: 202.887.4000
Facsimile:  202.887.4288

*Counsel for Plaintiff Worldwide Network Services, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on February 12, 2007, I caused a copy of the foregoing Plaintiff Worldwide Network Services, LLC's Memorandum in Response to Supplemental Memorandum in Support of Defendant DynCorp International's Motion to Transfer under 28 U.S.C. § 1404(a) Or in the Alternative Dismiss under Fed. R. Civ. P. 12(b)(3) to be filed electronically.  I understand that, pursuant to Local Civil Rule 5.4(d), notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                   /s/ Michele A. Roberts
                   Michele A. Roberts