IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WORLDWIDE NETWORK SERVICES, LLC** <br><br> **Plaintiff,** <br><br> v. <br><br> **DYNCORP INTERNATIONAL, LLC,** <br><br> and <br><br> **EDO CORPORATION** <br><br> **Defendants.** | Case No. 1:06cv01717 <br> Judge: Richard J. Leon |

## CONSENT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Defendants EDO Corporation ("EDO") and DynCorp International, LLC ("DynCorp") along with Plaintiff Worldwide Network Services, LLC ("WWNS") (collectively, the "Parties"), by and through their counsel, hereby respectfully request, pursuant to Federal Rule of Civil Procedure 26(c) and the Parties' *Joint Report Pursuant to Federal Rule 26(f) and Local Civil Rule 16.3(d)* that the Court enter the attached Stipulated Protective Order.

The Parties' grounds for the entry of this Order are as follows:

1. The Parties' request for the entry of the attached Stipulated Protective Order meets the requirements of Federal Rule of Civil Procedure 26(c), which provides in part, "Upon motion by a party ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following ... (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way ...." Fed. R. Civ. P. 26(c). This list is not exhaustive, and the Court may make any type of protective order required by justice. *See Mitchell v. Fishbein*, 227 F.R.D. 239, 254 (S.D.N.Y. 2005).

2. The Parties request the entry of their Stipulated Protective Order to protect, *inter alia*, their respective trade secrets and confidential commercial information, which includes sensitive national security information. Disclosure of such information to the public would negatively impact the Parties' commercial interests and implicate ongoing U.S. operations in Iraq and Afghanistan.

3. Federal district courts have almost complete discretion in determining what constitutes good cause. *See, e.g., Flatow v. Islamic Republic of Iran*, 308 F.3d 1065, 1074 (9th Cir. 2002). The Parties respectfully submit that they have shown "good cause" pursuant to Federal Rule of Civil Procedure 26(c).

4. Additionally, federal district courts enjoy considerable discretion in deciding discovery matters, and may be reversed only for abuse of discretion. *See Food Lion, Inc., v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997).

5. Granting the instant motion would not prejudice any Party as the Stipulated Protective Order would apply equally to Defendants and to Plaintiff.

WHEREFORE, the Parties respectfully request that the Court enter the attached Stipulated Protective Order.

Dated: Washington, D.C.
      February 23, 2007

                            Respectfully submitted,

/s/ William M. Sullivan, Jr.
William M. Sullivan, Jr.
    Federal Bar No. 467269
    Email: wsullivan@winston.com
Sarah M. Hall
    Federal Bar No. 479119
    Email: smhall@winston.com
Ryan S. Spiegel
    Federal Bar No. 489103
    Email: rspiegel@winston.com
**WINSTON & STRAWN LLP**
1700 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Counsel for Defendant EDO Corporation*

/s/ George D. Ruttinger
George D. Ruttinger (Bar No. 214445)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2670
Facsimile: (202) 628-5116

*Counsel for Defendant DynCorp International LLC*

/s/ Michele A. Roberts
Michele A. Roberts (D.C. Bar No. 337998)
Anthony T. Pierce (D.C. Bar No. 415263)
Debra A. Drake (D.C. Bar No. 479907)
Jonathan P. Robell (D.C. Bar No. 493977)
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel for Plaintiff Worldwide Network Services, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>DYNCORP INTERNATIONAL, LLC,<br><br>and<br><br>EDO CORPORATION<br><br>Defendants. | Case No. 1:06cv01717<br>Judge: Richard J. Leon |

## STIPULATED PROTECTIVE ORDER

The Court hereby finds that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is appropriate in this case.

It is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of any type, kind or character which is designated "Confidential" by the producing party, whether it be a

document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information entitled to protection under the provisions of Rule 26(c). Information or material which is available to the public, including catalogues, advertising materials, website postings, or materials available through FOIA or state public records laws, and the like shall not be Confidential.

      3.      Documents shall be designated as "Confidential" only under the following circumstances.

          (a)      Nothing shall be designated as "Confidential" information except:

              (1)      information of a sensitive nature, which if disclosed would reveal significant technical or business advantages – or confidential research, development, or commercial information or trade secrets – of the producing or designating party, and which includes subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties;

              (2)      personal information, including Social Security numbers, dates of birth, financial account numbers, and names of minor children – as those terms are used and interpreted pursuant to 5.4(f) of the local Rules of the U.S. District Court for the District of Columbia; or

              (3)      information, regardless of origin, that is classified by the United States government or a foreign government, or that refers or relates to, or that could reasonably be believed to refer or relate to, sensitive national security or intelligence matters.

          (b)      Nothing shall be regarded as "Confidential" information if it is information that:

              (1)      is in the public domain at the time of disclosure or was previously in the public domain (except for documents unintentionally produced without a 'Confidential' designation but subsequently retroactively designated as 'Confidential' pursuant to as provided herein, as evidenced by a written document;

(2) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(3) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure;

(4) the receiving party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; or

(5) is comprised of summary documents that are based upon confidential information, but in and of themselves reveal no personal or "Confidential Information", such as computerized summary reports of data.

4. "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. "Qualified Persons," as used herein means:

(a) The Court and its staff, including court reporters, individual parties, attorneys of record for the parties in this litigation, and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Actual or potential independent technical experts or consultants, who have signed a document to be retained by the attorneys who retained such expert or consultant, agreeing to be bound by the terms of this protective order (such signed document to be retained by counsel of record for the party who retained the expert or consultant);

(c) The employee or former employee of the party (in cases where the party is a legal entity), who, prior to any disclosure of "Confidential Information" of another party to such person, shall sign a document agreeing to be bound by the terms of this Protective Order (such signed document to be retained by the counsel of record for the party);

   (d) Witnesses and potential witnesses, provided that: (i) they have been provided a copy of this Protective Order before being given or shown any document deemed Confidential under the Protective Order and (ii) counsel has formed a good faith belief that providing the Confidential Information to the witness or potential witness is reasonably necessary to the prosecution or defense of this action ; and

   (e) If this Court so elects, any other person designated as a Qualified Person, by stipulation or order of this Court, after notice to all parties.

   5. Documents produced in this action may be designated by any producing party or entity as "Confidential Information" by marking each page of the document(s) so designated with a stamp stating "Confidential – Under Protective Order."  Such stamp shall be placed on the document in a way that will not interfere with the legibility of the document or the ability to perform scanning or optical character recognition on the document.  In the case of any electronic files that cannot be so stamped on a page level, the producing party shall label the file, or indicate in an accompanying cover letter, that the material is Confidential.  In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.

   6. Information disclosed at: (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation or (b) the deposition of a third party may be designated by any party as "Confidential Information" by indicating on the record at the deposition that the testimony and/or exhibits is "Confidential" and is subject to the provision of this Protective Order.

   7. Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within fifteen (15) days of receipt of the

transcript, of the specific pages and lines of the transcript and/or exhibits which should be treated as "Confidential" thereafter.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control.  All parties shall continue to treat the entire transcript and exhibits as Confidential until the expiration of the 15-day period for designation of Confidential portions established by this paragraph.

8. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential," with blank, consecutively numbered pages being provided in a non-designated main transcript.  The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

9. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.  The Parties agree that the Confidential Stamp may be placed on a document after an initial inspection, but all parties shall endeavor to advise what documents and what types of documents shall be marked Confidential at the time of inspection or production.

10. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.  Nor shall anything herein prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Information," irrespective of which party produced such information.

11.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by producing redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential." The designating party shall be required to move the Court for an order preserving the designated status of such information within fifteen (15) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

12.     In the event a party wishes to use any "Confidential Information" in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential Information" used therein shall be filed under seal with the Court. The parties are admonished to avoid the need to file any pleadings or other substantive materials under seal and shall cooperate by allowing for redaction or other methods to avoid filings under seal. Confidential exhibits may be separately filed in order to avoid filing a pleading under seal.

13.     The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other documents filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential Information" by a party to this action.

14.　Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order, except the trial of this case and any evidentiary hearing. The Court shall rule at that time what information, documents, or testimony, if any, used in the courtroom shall be subject to this Protective Order.

15.　Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents that continue to qualify as Confidential under the Order and were produced by a party, in the possession of any of the persons qualified under Paragraphs 4(b) through (e) shall be destroyed or returned to the producing party, except as this Court may otherwise order. Attorneys may retain such documents to the extent explicitly permitted under law. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except: (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

16. In the event that responses to discovery requests, which may contain confidential information or documents, occur prior to the entry of this order, this document is binding on the parties upon signing.

Respectfully submitted and agreed to by:

/s/ William M. Sullivan, Jr.
William M. Sullivan, Jr.
    Federal Bar No. 467269
    Email: wsullivan@winston.com
Sarah M. Hall
    Federal Bar No. 479119
    Email: smhall@winston.com
Ryan S. Spiegel
    Federal Bar No. 489103
    Email: rspiegel@winston.com
**WINSTON & STRAWN LLP**
1700 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Counsel for Defendant EDO Corporation*

/s/ George D. Ruttinger
George D. Ruttinger (Bar No. 214445)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2670
Facsimile: (202) 628-5116

*Counsel for Defendant DynCorp International LLC*

/s/ Michele A. Roberts
Michele A. Roberts (D.C. Bar No. 337998)
Anthony T. Pierce (D.C. Bar No. 415263)
Debra A. Drake (D.C. Bar No. 479907)
Jonathan P. Robell (D.C. Bar No. 493977)
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel for Plaintiff Worldwide Network Services, LLC*

- 9 -

SO ORDERED:

                                                                                                   _____
                                                                                                    The Honorable Richard J. Leon
                                                                                                    United States District Judge

                                                                             Date: _____

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2007 a copy of the foregoing *CONSENT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER* was filed electronically. I understand that pursuant to Local Civil Rule 5.4(d), electronic filing of the aforementioned Motion operates to effect service on all counsel, because all counsel have obtained CM/ECF passwords.

/s/ George D. Ruttinger
George D. Ruttinger