# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DYNCORP INTERNATIONAL, LLC ) <br> ) <br> and ) <br> ) <br> EDO CORPORATION ) <br> ) <br> ) <br> Defendants. ) <br> _____) | Case No. 1:06-CV-01717 <br> Judge Richard J. Leon |

## DEFENDANT EDO CORPORATION'S RESPONSE TO THE MOTION TO INTERVENE BY INTELSAT GENERAL CORPORATION

      William M. Sullivan, Jr.
           Federal Bar No.  467269
           Email: wsullivan@winston.com
      Sarah M. Hall
           Federal Bar No. 479119
           Email: smhall@winston.com
      Ryan S. Spiegel
           Federal Bar No. 489103
           Email: rspiegel@winston.com
      **WINSTON & STRAWN LLP**
      1700 K Street, N.W.
      Washington, D.C.  20006
      Tel. (202) 282-5000
      Fax (202) 282-5100

      *Counsel for Defendant EDO Corporation*

In response to the Motion to Intervene filed by Intelsat General Corporation ("Intelsat"), Defendant EDO Corporation ("EDO") hereby states, through undersigned counsel, that EDO neither supports nor opposes Intelsat's motion. In light of the fact that Intelsat's motion does not assert any claims against – and indeed does not even mention EDO – we take no position on the motion since it does not appear to affect EDO at all.[1]

However, EDO draws the Court's attention to the fact that Intelsat's filing provides additional support for EDO's position that WWNS's defamation claim against EDO should be dismissed pursuant to the substantial truth doctrine, as briefed in EDO's Motion to Dismiss at pp. 12-14 and EDO's Reply at pp. 12-13. As the Court recalls, WWNS alleged in its Complaint that it was defamed by a single August 20, 2006 email from Steve Appling to WWNS employee Gabe Johnson that referenced a communication from DynCorp that WWNS has filed for Chapter 11 bankruptcy, or words to that effect. *See* Compl. at ¶¶ 92-95. As EDO argued in its motion to dismiss papers, such a statement is not defamatory for numerous reasons,[2] including that such statement was substantially true. *See Weyrich v. New Republic, Inc.*, 235 F.3d 617, 620, 624-25 (D.C. Cir. 2001) (when a statement is substantially true, it is not defamatory); *Lohrenz v. Donnelly*, 223 F. Supp. 2d 25, 58-59 (D.D.C. 2002) (same); *Levine v. McLeskey*, 881 F. Supp. 1030, 1049-50 (E.D.Va. 1995) (same), *aff'd in relevant part*, 164 F.3d 210, 211 and n.1 (4th Cir. 1998).

Indeed, Intelsat's recent filing confirms the substantial truth of any statement, made on or

---

[1]    To the extent that Intelsat may amend its motion to intervene and/or proposed complaint in the future to assert any claims or allegations that affect EDO and/or Darlington, we reserve the right to object at that time. But as currently written, neither Intelsat's motion nor its proposed complaint even mention EDO.

[2]    As noted in EDO's previous papers, WWNS's claim of defamation also fails, *inter alia*, because there is no publication to a third party, because of the republication doctrine, because of the common interest exception, and because Mr. Appling's email was a response to a letter/request. Although just one of these reasons would defeat a defamation claim, all apply here.

about August 20, 2006, that WWNS has filed for Chapter 11 bankruptcy, or words to that effect. Intelsat, a creditor of WWNS, states in its filing that in an effort to resolve WWNS's failure to pay Intelsat monies owing, WWNS and Intelsat entered into a repayment agreement on August 17, 2006 – several days before Appling's email. *See* Intelsat Mot., at 1-2. Intelsat's motion further supports EDO's defense of substantial truth: "WWNS has apparently gone out of business for most purposes. Correspondence sent to its business address is returned with the [sic] notation. See Exhibit B." (Intelsat Mot. at 2); "WWNS is apparently insolvent." (*Id*. at 4); "WWNS appears to be out of business, based upon correspondence addressed to it. A bankruptcy filing may be imminent. See Exhibit A." (*Id*. at 7). Even in its proposed complaint, attached as Exhibit C to its Motion to Intervene, Intelsat reiterates that "WWNS has apparently ceased to do business for most purposes." *Id*. Exh. C ¶ 12.

In sum, EDO expresses no position with respect to Intelsat's Motion to Intervene, other than to recognize that Intelsat's filing strengthens EDO's already cogent argument in favor of dismissal in light of WWNS's failure to state a claim of defamation.[3]

---

[3] EDO notes that the Court's Minute Order of March 6, 2007 stated that the Court has taken DynCorp's Motion to Transfer under advisement, but did not mention EDO's wholly independent Motion to Dismiss. EDO respectfully requests that if the Court is inclined to transfer WWNS's case against DynCorp to the Eastern District of Virginia, it should recognize that EDO's grounds for dismissal are strong and should be considered prior to a decision to transfer.

It is also noteworthy that WWNS's proposed *Memorandum in Response to Issues Raised By the Court During the March 6, 2007 Oral Argument*, filed on March 8, 2007 [Docket #34], makes no mention of EDO at all. Despite taking the time to draft and file this proposed supplemental memorandum, WWNS tellingly remained silent as to all of EDO's arguments, reflecting perhaps an inability to provide any persuasive response to EDO's arguments in favor of dismissal or, in the alternative, transfer.

Dated:   Washington, D.C.
        March 9, 2007

Respectfully submitted,

      /s/  William M. Sullivan, Jr.
William M. Sullivan, Jr.
    Federal Bar No.  467269
    Email: wsullivan@winston.com
Sarah M. Hall
    Federal Bar No. 479119
    Email: smhall@winston.com
Ryan S. Spiegel
    Federal Bar No. 489103
    Email: rspiegel@winston.com
**WINSTON & STRAWN LLP**
1700 K Street, N.W.
Washington, D.C.  20006
Tel. (202) 282-5000
Fax (202) 282-5100

*Counsel for Defendant EDO Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2007, a copy of the foregoing DEFENDANT EDO CORPORATION'S RESPONSE TO THE MOTION TO INTERVENE BY INTELSAT GENERAL CORPORATION was filed electronically. I understand that pursuant to Local Civil Rule 5.4(d), electronic filing of the aforementioned Motion operates to effect service on all counsel, because all counsel have obtained CM/ECF passwords.

/s/ William M. Sullivan, Jr.
William M. Sullivan, Jr.

**DC:505986.2**