IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DYNCORP INTERNATIONAL, LLC, )<br>)<br>and )<br>)<br>EDO CORPORATION )<br>)<br>Defendants. )<br>) | Case No. 1:06cv01717<br>Judge: Richard J. Leon |

**OPPOSITION OF DEFENDANT DYNCORP INTERNATIONAL LLC
TO PLAINTIFF WORLDWIDE NETWORK SERVICES, LLC'S MOTION
FOR LEAVE TO FILE MEMORANDUM IN RESPONSE TO ISSUES
<u>RAISED BY THE COURT DURING THE MARCH 6, 2007 ORAL ARGUMENT</u>**

Defendant DynCorp International LLC opposes the motion of Plaintiff Worldwide Network Services, LLC ("WWNS") to file an untimely Memorandum and accompanying declaration that do little more than attempt to re-argue points that were fully presented in the extensive briefs filed by the parties and at the oral argument before this Court on March 6, 2007. In particular, the proffered

Declaration of Reginald S. Bailey, Sr. is untimely and irrelevant, and should be stricken.

As this Court knows, this case arises out of contracts that contain unambiguous clauses requiring that "any disputes arising out of or relating to this Subcontract . . . shall be settled by arbitration" (CIVPOL subcontract) and "any dispute not covered by the preceding paragraph . . . shall be filed only in a court of competent jurisdiction in the Commonwealth of Virginia" (WPPS subcontract). Notwithstanding these clear, unambiguous, bilateral contractual agreements, WWNS chose to file this action in this Court, a forum that was not specified in either subcontract. DI has moved to transfer this action under 28 U.S.C. § 1404(a) to the Eastern District of Virginia, a forum that is specifically called out in the WPPS subcontract, and allow that court to sort out which claims should be litigated in Virginia and which claims may be subject to arbitration.[1]

WWNS now complains that if the case is transferred to Virginia, that court may decide that some of the claims relating to the CIVPOL subcontract are not arbitrable, and will have to transfer those claims back to the District of Columbia, thus creating an inefficient process of litigating claims between the same parties in

---

[1] WWNS's assertion that the WPPS forum selection clause does not apply to most of the claims because they post-date termination of the WPPS subcontract assumes, without citing any authority, that the forum selection provision of the WPPS subcontract somehow expired with the expiration of the subcontract itself. The law is to the contrary. *See, e.g., Marra v. Papandreou*, 216 F.3d 1119, 1123, 1125 (D.C. Cir. 2000) (forum selection cause survived defendant's repudiation of underlying licensing agreement because such a clause is considered to be a separate contract.)

2

two different forums. However, apart from the infirmity of WWNS's assertions regarding the non-arbitrability of the CIVPOL-related claims, litigation of disputes between DI and WWNS "arising out of or relating to" the two contracts were, by contractual agreement, destined to be litigated in separate forums. Having chosen to intermingle claims under both subcontracts and then file them in the wrong forum, WWNS should not be heard to complain that a Virginia court might decide to split the claims, as the subcontracts would require be done.

It is apparent, however, that WWNS's main concern is that claims "arising out of or relating to" the CIVPOL subcontract will be subject to arbitration, rather than trial before a jury in this Court. Thus, WWNS's memorandum attempts to re-argue the arbitrability of these claims under the broad arbitration agreement to which the parties bound themselves. The Court should not entertain this belated argument.

As WWNS acknowledges, it argued in its initial opposition brief that DI's motion to transfer should be treated as a motion to compel arbitration subject to the standards of Fed. R. Civ. P. 56, and that DI's motion should fail because DI had introduced no evidence of the intent of the parties regarding the scope of the arbitration clause. *See* WWNS's Memorandum in Response to Issues Raised by the Court at 4-5; WWNS's Memorandum in Opposition to Defendant DynCorp International's Motion to Transfer at 2-3. Only now, apparently in response to concerns that the Court may grant DI's motion to transfer, has WWNS come forward with the Bailey Declaration, in which Mr. Bailey claims that it was his

"intent and understanding" that the forum selection clauses in the two subcontracts "would only cover disputes related to either party's failure to comply with the Subcontract's provisions." WWNS does not explain why, if it considered DI's motion to be subject to a Rule 56 standard, it did not file this declaration with its original Opposition brief and give the other parties an opportunity to respond before the hearing. This self-serving declaration is therefore untimely and should be stricken. In any event, the declaration is irrelevant because the CIVPOL arbitration clause is unambiguous, and its application to WWNS's claims does not require resort to extrinsic evidence.[2]

---

[2]    The cases that WWNS relied upon for its Rule 56 argument determined that broad arbitration clauses, like the one in the CIVPOL subcontract, apply to discrimination claims *without reference to any extrinsic evidence of the parties' intent*. *Brown v. Dorsey & Whitney*, 267 F. Supp. 2d 61 (D.D.C. 2003); *Hughes v. CACI, Inc.*, 384 F. Supp. 2d 89 (D.D.C. 2005). Similarly, the Second Circuit in *Oldroyd v. Elmira Savings Bank*, 134 F.3d 72, 76-77 (2nd Cir. 1998), rejected the plaintiff's "conclusory allegation that he did not intend for the arbitration clause in his employment agreement to encompass a claim for retaliatory discharge" and held that the "prototypical broad arbitration provision" in the employment agreement covered the plaintiff's claim of retaliatory discharge. *Id*.

## CONCLUSION

For the foregoing reasons, DI respectfully requests that the Court deny WWNS's Motion for Leave to File Its Memorandum in Response to Issues Raised by the Court During the March 6, 2007 Oral Argument.

        Respectfully submitted,

        /s/ George D. Ruttinger
        George D. Ruttinger (Bar No. 214445)
        CROWELL & MORING LLP
        1001 Pennsylvania Avenue, NW
        Washington, D.C.  20004-2595
        Phone: (202) 624-2670
        Fax: (202) 628-5116

        *Attorney for*
        *Defendant DynCorp International LLC*

March 9, 2007

DCIWDMS: 2975501_1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2007 a copy of the foregoing *OPPOSITION OF DEFENDANT DYNCORP INTERNATIONAL LLC TO PLAINTIFF WORLDWIDE NETWORK SERVICES, LLC'S MOTION FOR LEAVE TO FILE MEMORANDUM IN RESPONSE TO ISSUES RAISED BY THE COURT DURING THE MARCH 6, 2007 ORAL ARGUMENT* was filed electronically.  I understand that pursuant to Local Civil Rule 5.4(d), electronic filing of the aforementioned Motion operates to effect service on all counsel, because all counsel have obtained CM/ECF passwords.

/s/ George D. Ruttinger
George D. Ruttinger