## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WORLDWIDE NETWORK SERVICES, LLC,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 1:06cv01717 (RJL)** |
| **DYNCORP INTERNATIONAL, LLC,** | ) ) | **Judge Richard J. Leon** |
| **and** | ) ) | |
| **EDO CORPORATION,** | ) ) | |
| **Defendants.** | ) ) ) | |

**PLAINTIFF WORLDWIDE NETWORK SERVICES, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS MEMORANDUM IN RESPONSE TO ISSUES RAISED BY THE COURT <u>DURING THE MARCH 6, 2007 ORAL ARGUMENT</u>**

Worldwide Network Service, LLC's ("WWNS") motion for leave to file should be granted. Contrary to DynCorp International LLC's ("DynCorp") assertion, the issues WWNS addressed in its response were not "fully presented" in prior briefing. DynCorp Opp. at 1. At the March 6, 2007 oral argument regarding DynCorp's motion to transfer, the Court directly asked the parties what consequences would result if the Court transferred the case to the United States District Court for the Eastern District of Virginia ("the Eastern District") and abstained from ruling on whether WWNS's causes of action were subject to the CIVPOL subcontract's arbitration clause. *See* Hr'g Tr. 29:14-17, 13:13-14 (March 6, 2007). In light of the Court's

query, WWNS is entitled to explain the legal and practical implications that may arise from such a decision by the Court.[1]

DynCorp's opposition to the substance of WWNS's argument also is inaccurate.  First, DynCorp contends that the WPPS forum selection clause controls all of WWNS's claims even though most of WWNS's allegations post-date the expiration of the WPPS subcontract.  *See* DynCorp Opp. at 2, n.1.  Although a forum selection clause may survive a repudiated underlying contract, that is not the circumstance present here.  DynCorp consistently has maintained that WWNS's causes of action fall under either the WPPS subcontract or the CIVPOL subcontract.  As DynCorp averred at the March 6, 2007 hearing, "The WPPS claim should be in Virginia; the CIVPOL claim should be in arbitration."  Hr'g Tr. 14:12-13 (March 6, 2007).  If WWNS's causes of action are to be split between the two subcontracts, as DynCorp insists, it is only logical that allegations post-dating the expiration of the WPPS subcontract are "CIVPOL claims."  Thus, the WPPS subcontract's forum selection clause may only control allegations that occurred while that subcontract was in effect.  DynCorp cannot have it both ways.

Second, such a division based on a post-expiration date begs the question of how WWNS's pre-expiration allegations can be "split" between the two subcontracts.  In other words, if the alleged wrongful conduct arose while both subcontracts were in effect, how are the claims to be divided between the two?  The answer is that they cannot, and it is exactly the reason why the issue before the Court is "a little bit more complicated" than a standard motion to transfer.  Hr'g Tr. 31: 9-11 (Mar. 6, 2007).  DynCorp's repeated attempts to shoehorn WWNS's claims of

---

[1] For the same reasons, WWNS properly may proffer the Declaration of Reginald S. Bailey, Sr.  At the March 6, 2007 hearing, the Court made clear that it was considering letting the Eastern District decide the merits of DynCorp's claim that WWNS's causes of action are subject to the CIVPOL subcontract's arbitration clause.  It is apparent from the prior briefing in this case and the statements of the Court and the parties at oral argument that the contract language is unclear at best, and that the intent of the parties is at issue.  That is why the affidavit is necessary.  DynCorp is of course welcome to counter the facts in the affidavit if it can.

discrimination, defamation and torts into either the "WPPS subcontract" category or the "CIVPOL subcontract" category have brought about the instant confusion and underscores the reason why WWNS filed its complaint with this Court. As detailed in WWNS's December 8, 2006 opposition to the motion to transfer, the wrongful conduct alleged cuts across and is independent of the two subcontracts and thus is subject to neither of those subcontracts' arbitration or forum selection clauses.

## CONCLUSION

For the foregoing reasons, the Court should grant WWNS's motion for leave to file its Memorandum in Response to Issues Raised by the Court during the March 6, 2007 Oral Argument. Further, the Court should deny DynCorp's motion to transfer and adjudicate the merits of WWNS's causes of action.

Dated: March 13, 2007                    Respectfully submitted,

                                         /s/ Michele A. Roberts

                                         Michele A. Roberts (D.C. Bar No. 337998)
                                         Anthony T. Pierce (D.C. Bar No. 415263)
                                         Debra A. Drake (D.C. Bar No. 479907)
                                         Jonathan P. Robell (D.C. Bar. No. 493977)
                                         AKIN GUMP STRAUSS HAUER & FELD, LLP
                                         1333 New Hampshire Avenue, NW
                                         Washington, DC  20036
                                         Telephone: 202.887.4000
                                         Facsimile:  202.887.4288

                                         *Counsel for Plaintiff Worldwide Network Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2007, I caused a copy of the foregoing Plaintiff

Worldwide Network Services, LLC's Reply Memorandum in Support of Its Motion for Leave to

File Its Memorandum in Response to Issues Raised by the Court During the March 6, 2007 Oral

Argument to be filed electronically.  I understand that, pursuant to Local Civil Rule 5.4(d), notice

of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


/s/ Michele A. Roberts

Michele A. Roberts