IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC <br><br> Plaintiff, <br><br> v. <br><br> DYNCORP INTERNATIONAL, LLC, <br><br> and <br><br> EDO CORPORATION <br><br> Defendants. | Case No. 1:06cv01717 <br> Judge: Richard J. Leon |

**DEFENDANT DYNCORP INTERNATIONAL LLC'S
MEMORANDUM IN OPPOSITION TO
INTELSAT GENERAL CORPORATION'S
<u>MOTION TO INTERVENE</u>**

Defendant DynCorp International LLC ("DI") opposes Intelsat General Corporation's ("Intelsat") Motion to Intervene. Pending resolution of DI's Motion to Transfer, Defendant will not burden the Court with extensive briefing in opposition. In short, Intelsat's effort to intervene is inappropriate and unnecessary, particularly since Intelsat is attempting to assert claims directly against DI based upon a letter agreement between Intelsat and WWNS to which DI is not a party.

The letter agreement is not an assignment, as characterized by Intelsat, but rather a contract to make future payments contingent on WWNS's *first* recovering funds from DI.

> WWNS will pay to … Intelsat[,] … at [Intelsat]'s request, all monies it receives from DynCorp … until the sum of all monies received by WWNS … and paid to … Intelsat equals $2,252,695.00 ("Balance") …. … This payment arrangement will apply to all payments received by WWNS from DynCorp … until the Balance is paid in full.

Ex. A to Intelsat Mem. in Supp. at 1. The letter agreement contains no language assigning WWNS's present rights, claims, or income, and it specifically contemplates that WWNS will receive (and temporarily retain) any monies received from DI. These facts undercut Intelsat's motion in several respects.

First, a prerequisite to intervention is Article III standing, which Intelsat lacks. *See, e.g., Bldg. & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994); *see also City of Cleveland v. Nuclear Regulatory Comm'n*, 17 F.3d 1515, 1517 (D.C. Cir. 1994). To establish Article III standing, a prospective intervenor must demonstrate injury-in-fact, which is defined as "a harm that is concrete and actual or imminent, not conjectural or hypothetical." *Envtl. Def. v. Leavitt*, 329 F. Supp. 2d 55, 66 (D.D.C. 2004) (citations omitted) (citing *Byrd v. EPA*, 174 F.3d 239, 243 (D.C. Cir. 1999)).

Intelsat has pled neither a concrete and actual, nor imminent injury. Any injury to Intelsat would be entirely contingent on an event that has not yet occurred: WWNS's breaching its obligations under the letter agreement to "provide Intelsat with immediate notice when any payment is received by WWNS from DynCorp"; and to pay over such monies to Intelsat within three business days of receipt of funds from DI (up to the limit of $2.2 million). Ex. A to Intelsat Mem. in Supp. at 1. Because Intelsat's injury is contingent on a future event that has not yet transpired, Intelsat has failed to demonstrate an injury-in-fact.

Second, Fed. R. Civ. P. 24(a)(2) provides that a party seeking to intervene as of right must show, among other requirements, that the disposition of the action may impair or impede

the party's ability to protect its interest, and that the party's interest would not be adequately represented by existing parties to the action. In arguing that it satisfies these requirements, Intelsat cites cases that involve a party intervening to protect its interest in a fund or prospective fund where the debtor disputes, or where there is no agreement recognizing, the intervening party's right to a share of the fund. *See Gaines v. Dixie Carriers, Inc.*, 432 F.2d 52 (5th Cir. 1970); *Hardy-Latham v. Wellons*, 415 F.2d 674 (4th Cir. 1968); *United States v. Eilberg*, 89 F.R.D. 473 (E.D. Penn. 1980).

In contrast, Intelsat and WWNS have an apparently amicable agreement that provides Intelsat with an interest if (and only if) WWNS recovers from DI. Nothing about the transfer of money from DI to WWNS will impair Intelsat's already unsecured, contingent interest.[1] There is no indication that WWNS disputes or intends to dishonor any obligation it owes to Intelsat. Indeed, in its Opposition to Intelsat's motion, WWNS repeatedly states that it "does not contest the validity of the Assignment." WWNS Opp. at 2, 4, 6. And likewise, there is no indication that this litigation between WWNS and DI will impair Intelsat's claimed interest in any WWNS recovery.

Moreover, any interest that Intelsat has in this litigation is aligned with WWNS, which is pursuing monetary claims against DI that, if successful, could fund payment to Intelsat under the letter agreement. Again, WWNS so states in its Opposition: "WWNS and Intelsat ... have the same interest in this litigation: to recover from DynCorp." WWNS Opp. at 6. Thus, Intelsat's interests are adequately represented by existing parties. *See, e.g., Hallco Mfg. Co. v. Quaeck*, 161 F.R.D. 98, 102 (D. Or. 1995) (citing *Natural Res. Def. Council, Inc. v. N.Y. State Dep't of*

---

[1]   Whether or not WWNS is insolvent, as Intelsat asserts, Intelsat's unsecured claim gives it no right superior to that of other unsecured creditors.

*Envtl. Conservation*, 834 F.2d 60, 62 (2d Cir. 1987)); *see also United States v. E.O.A. Senior House, Inc.*, 786 F. Supp. 785, 787 (E.D. Ark. 1992) (holding that an "unsecured future creditor" could not intervene to obtain "pre-judgment attachment or relief against his debtor").

Third and finally, Intelsat's effort to intervene by permission is misplaced because it has not asserted, and cannot assert, an independent basis for subject matter jurisdiction. Contrary to Intelsat's argument, cases in this Circuit have held that an independent jurisdictional basis is a prerequisite to permissive intervention. *See E.E.O.C. v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998); *see also Envtl. Def. v. Leavitt*, 329 F. Supp. 2d 55, 66 (D.D.C. 2004).

Intelsat's state law claims do not constitute an independent basis for the Court to exercise jurisdiction over Intelsat's proposed complaint. And there is no diversity in this case because, although Intelsat's and DI's principal places of business might be in Maryland and Virginia, respectively, as pled by Intelsat, Ex. C to Mem. in Supp. at ¶¶ 2, 4, both entities are citizens of Delaware.[2] *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State in which it has its principle place of business ....").

---

[2] Intelsat pleads that DynCorp is a Delaware limited liability company. Ex. C to Mem. in Supp. at ¶ 4. The citizenship of a non-corporate entity turns on the citizenship of all of its members, *Hoffman v. Fairfax County Redevelopment & Hous. Auth.*, 276 F. Supp. 2d 14, 18 (D.D.C. 2003), and DynCorp International LLC – the named defendant – is the wholly owned subsidiary and sole business of its parent company, DynCorp International, Inc., a Delaware corporation. The sole member of DynCorp International LLC, therefore, is a citizen of Delaware, *see* 28 U.S.C. § 1332(c)(1), which, in turn, makes DynCorp International LLC a citizen of Delaware.

4

For the foregoing reasons, DI respectfully requests that the Court deny Intelsat's Motion to Intervene both as to intervention of right and permissive intervention.

                              Respectfully submitted,

                              /s/ George D. Ruttinger
                              George D. Ruttinger (Bar No. 214445)
                              CROWELL & MORING LLP
                              1001 Pennsylvania Avenue, NW
                              Washington, D.C. 20004-2595
                              Phone: (202) 624-2670
                              Fax: (202) 628-5116

                              *Attorney for*
                              *Defendant DynCorp International LLC*

March 19, 2007

DCIWDMS: 2977407_5

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2007 a copy of the foregoing *DEFENDANT DYNCORP INTERNATIONAL LLC'S OPPOSITION TO INTELSAT GENERAL CORPORATION'S MOTION TO INTERVENE* was filed electronically. I understand that pursuant to Local Civil Rule 5.4(d), electronic filing of the aforementioned Opposition operates to effect service on all counsel, because all counsel have obtained CM/ECF passwords.

/s/ George D. Ruttinger
George D. Ruttinger