IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC, )<br>)<br>Plaintiff,                                      )<br>v.                                                        )<br>)<br>DYNCORP INTERNATIONAL, LLC, et al. )<br>)<br>Defendants.                              )<br>)<br>) | CA No. 06-1717 (RJL) |

**<u>REPLY MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE</u>**

Intervenor-plaintiff Intelsat General Corporation ("Intelsat"), by counsel, pursuant to F.R.Civ. P. 24, files this Reply Memorandum to the Memorandum in Opposition of Plaintiff Worldwide Network Services, LLC ("WWNS") and the Memorandum in Opposition of Defendant Dyncorp International, LLC ("Dyncorp").

Intelsat is owed over $2.2 million by Plaintiff WWNS for services that Intelsat provided to WWNS, who in turn provided those same services to defendant Dyncorp, who in turn provided those same services to its customer, the United States government. WWNS breached its contracts with Intelsat by failing to pay for those services; WWNS in turn claims that Dyncorp has failed to make full payment to WWNS under WWNS's subcontracts with Dyncorp. After WWNS breached its contracts with Intelsat, in an effort to resolve the failure of WWNS to pay the balance it owed Intelsat, Intelsat and WWNS entered into an agreement on August 17, 2006 ("the Assignment"). Under the

terms of the Assignment, WWNS assigned to Intelsat all monies it would receive from Dyncorp after the date of August 1, 2006 until Intelsat had received the sum of $2,252,596. Intelsat has received no monies from WWNS pursuant to the Agreement nor any funds from Dyncorp in satisfaction of WWNS's debt to Intelsat. Intelsat now moves to intervene in this action under F.R.Civ.P 24 to protect its interest in the monies assigned to it by WWNS. Intelsat's Complaint contains causes of action for constructive trust, equitable assignment, and declaratory judgment, seeking an award in this matter of any funds for which Dyncorp is found liable to WWNS, up to the sum of $2,252,596.

## ARGUMENT

I.    Intervention as of Right under Rule 24(a).

Both plaintiff WWNS and defendant Dyncorp oppose the Motion to Intervene. WWNS argues that, while the Motion is timely, Intelsat cannot meet the other requirements to intervene as of right under Rule 24(a). WWNS claims that Intelsat has no real interest in this litigation; that any interest that Intelsat does have is not likely to be impaired or impeded by this litigation; and that WWNS adequately represents Intelsat's interests. Defendant Dyncorp argues that Intelsat is not entitled to intervene as of right in this matter because it lacks Article III standing; that Intelsat has suffered no injury; and that WWNS adequately represents Intelsat's interests.

Dyncorp's argument that Intelsat cannot show Article III standing is a red herring. First, it is well-established that in cases of intervention as a plaintiff, Article III is satisfied as long as one party has standing. Roeder v. Islamic Republic of Iran, 333 F.3d 228, 233 (D.C. Cir. 2003). There is no contention that WWNS does not have standing. Second, any person who satisfies Rule 24(a) has Article III standing. Roeder, supra at

233. As shown at length below, Intelsat satisfies the requirements of Rule 24(a). Finally, of course Intelsat has an injury-in-fact sufficient for Article III standing: WWNS has already breached its contract with Intelsat, and Intelsat has suffered over $2.2 million in damages thereby. One of the reasons for that loss is Dyncorp's failure to pay WWNS for these very services. The resolution of this matter will determine in large part whether Intelsat is made whole for the services it provided to WWNS and to Dyncorp through WWNS.

Second, it is beyond serious dispute that Intelsat does have an interest in the property that is the subject matter of the action. Indeed, not only does Intelsat have an interest in the subject matter of this action, but Intelsat's interest in the property is in fact superior to plaintiff WWNS's. By virtue of the Assignment, Intelsat is in fact the constructive owner of any recovery made by plaintiff WWNS in this matter, up to the sum of $2,252,596. It is precisely this sort of interest that Rule 24 was designed to protect.

An intervenor's interest is obvious when he asserts a claim to the property that is the subject matter of the suit. Foster v. Gueory, 655 F.2d 1319, 1324 (D.C.Cir. 1981). Here, intervenor Intelsat has been assigned by plaintiff the first $2,252,596 it receives from defendant Dyncorp. Plaintiff seeks in this suit unnamed sums from Dyncorp in the form of a judgment, and the monies represented by any such potential judgment have already been assigned to Intelsat. Intelsat has a superior interest in the recovery to plaintiff WWNS. [1]

---

[1] Dyncorp contends that Intelsat has no interest in this case, because its interest in funds WWNS recovers from Dyncorp is based on a future contingency. Dyncorp appears to have granted itself summary judgment on Intelsat's Complaint, which alleges constructive trust, equitable assignment, and entitlement to declaratory relief. Moreover, numerous courts have granted intervention on precisely this type of interest

In order to intervene, the intervenor must allege a significantly protectable interest. Donaldson v. United States, 400 U.S. 517 (1971). An interest in a specific fund is more than sufficient to support intervention. See Mountain Top Condominium Association v. Dave Stabbert Master Builders, Inc., 72 F.3d 361, 366-7 (3d. Cir. 1995); Hardy-Latham v. Wellons, 415 F.2d 674(4th Cir. 1968); Gaines v. Dixie Carriers, Inc. 434 F.2d 52 (5th Cir. 1970); United States v. Eilberg, 89 F.R.D. 473 (E.D.Pa. 1980).

Further, Intelsat's interest will clearly be impaired if intervention is not granted. It is difficult to imagine a more compelling case for intervention than one in which the intervenor is the constructive owner of the res at issue. Other courts facing similar situations have readily permitted intervention. See Hardy-Latham v. Wellons, 415 F.2d 674 (4th Cir. 1968); Gaines v. Dixie Carriers, Inc. 434 F.2d 52 (5th Cir. 1970); United States v. Eilberg, 89 F.R.D. 473 (E.D.Pa. 1980). It is in fact unsettling that WWNS failed to include Intelsat, the constructive owner of the first $2,252,596 paid by Dyncorp to WWNS, as a necessary party under Rule 19.

The Eilberg court noted the practical disadvantage that intervenors such as Intelsat face:

> Were the United States to succeed [in this matter],. . . [intervenors] would be put to the significant practical disadvantage of attempting in further litigation either to (1) force Mr. Eilberg to disgorge a sum equal to that already ordered to be paid to the United States, or 2) recoup the distributive share from the United States. This kind of practical disadvantage falls with the terms of Rule 24(a)(2). . . The Advisory Committee Note to the 1966 Amendment states, "If an absentee would be

---

in a future outcome. See Mountain Top Condominium Association v. Dave Stabbert Master Builders, Inc., 72 F.3d 361, 366-7 (3d. Cir. 1995); Hardy-Latham v. Wellons, 415 F.2d 674(4th Cir. 1968); Gaines v. Dixie Carriers, Inc. 434 F.2d 52 (5th Cir. 1970); United States v. Eilberg, 89 F.R.D. 473 (E.D.Pa. 1980). Indeed, the very purpose of intervention is to allow an interested party to participate in the protection of an asserted right in a future event, i.e., the outcome of the litigation at issue.

>substantially affected in a practical sense by the determination made in the action, he should, as a general rule, be entitled to intervene."

The Court of Appeals for the District of Columbia has held: "It is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation." <u>Natural Resource Defense Council v. Costle</u>, 561 F.2d 901, 910 (D.C. Cir 1977). Here, Intelsat is in fact a real party in interest: WWNS does not dispute that the first $2,252,596 that WWNS receives from Dyncorp belongs to Intelsat, not WWNS. Intervention is proper.

    WWNS appears to be out of business, based upon correspondence addressed to it. A bankruptcy filing may be imminent. Intelsat's sole chance to recover the money owed to it by WWNS may very well be in this litigation. Intelsat should not be forced to bear the burden of bringing a later, separate action against WWNS should WWNS prevail in this matter. That is precisely the sort of practical impairment that the Rule and case law contemplates as mandating intervention. Thus, Intelsat also meets the criterion of impairment of interest.

    Both opponents claim that WWNS will adequately represent Intelsat's interests in this case. However, neither WWNS nor Dyncorp addresses the legal standard to show inadequate representation: the requirement that an intervenor must show its interests are not adequately represented by the existing parties is satisfied if the intervenor shows that there *may* be inadequate representation. <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 538 n. 10 (1972). The required showing is minimal, and those opposing intervention bear the ultimate burden of showing that the current representation will be

adequate. United States v. AT&T, 642 U.S. 1285 (D.C. Cir. 1285). Any doubt concerning the propriety of intervention must be resolved in favor of granting intervention. Federal Savings & Loan v. Falls Chase Special Taxing Dist., 983 F.2d 211 (11th Cir. 1993). In weighing a motion to intervene, courts will accept all well-pleaded, nonconclusory allegations in the motion and the proposed complaint or answer as true.

WWNS's counsel's contention that Intelsat has indicated that it intends "to remain a neutral bystander" is a fairly bald mischaracterization of Intelsat's position. Intelsat has no knowledge of the factual allegations of the dispute between WWNS and Dyncorp, and therefore limited need to participate in discovery on events that occurred in Afghanistan or Iraq. Intelsat does not purport to edit pleadings filed by WWNS. However, the funds that WWNS seek belong primarily to Intelsat, not WWNS, and Intelsat fully intends to take whatever steps it deems necessary to protect its rights to those funds.

While both WWNS and Intelsat are interested in WWNS' rights to recover from Dyncorp, their interests are completely at odds as to who is to receive that recovery. A partial congruence of interests is not sufficient to guarantee adequacy of representation. Fund for Animals, Inc. v. Norton, 322 F.2d 728 (D.C.Cir. 2003). As Intelsat is the equitable assignee and constructive owner of the first $2.2 million to be paid by Dyncorp to WWNS, WWNS may have very different ideas about how any recovery from Dyncorp is to be distributed. Without Intelsat's intervention, WWNS may in fact choose to keep the recovery assigned to it, or distribute it to shareholders, or use it to prefer other creditors. It is quite imaginable that WWNS and Dyncorp may agree to settle this matter on terms that preclude any recovery by Intelsat. As noted above in the Gaines case,

neither party here is interested in protecting Intelsat's rights in this matter, and intervention as of right is necessary. Intelsat has more than met the minimal standards required to show that WWNS's representation may be inadequate.

Thus, it is clear that Intelsat has met all the requirements to intervene in this matter as of right under Rule 24(a). The Court should grant the motion.

II.     Permissive Intervention under Rule 24(b).

Even if Intelsat did not meet the criteria necessary to intervene as of right, Intelsat should still be permitted to intervene under Rule 24(b). That Rule provides:

> (b) Permissive Intervention.
>
> Upon timely application anyone may be permitted to intervene in an action: …(2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . .

Thus, the standards for permissive intervention are lesser, but not dissimilar from, those for intervention by right. [2] Permissive intervention requires merely a showing of timeliness, commonality of law or fact, and lack of prejudice to the parties already in the case. EEOC v. National Children's Center, Inc., 146 F.3d 1042 (D.C.Cir. 1998). There is no requirement under 24(b) that the intervenor show inadequacy of representation or impairment of its interest. As with intervention by right, all doubts are to be construed in favor of permitting intervention. Id.

In opposition, WWNS and Dyncorp contend that permissive intervention requires the intervenor to allege an independent jurisdictional ground. As previously argued, that

---

[2] Intelsat incorporates its previous arguments regarding intervention by right, as many of them also apply to permissive intervention under Rule 24(b).

requirement has been eliminated by the supplemental jurisdiction provided by 28 U.S.C. §1367.

    28 U.S.C . §1367 provides in pertinent part:

**(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. <u>Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.</u>
**(b)** <u>In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title,</u> the district courts shall <u>not</u> have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules,<u> or seeking to intervene as plaintiffs under Rule 24 of such rules</u>, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

    (Emphasis supplied.)

Section 1367(a) provides that this Court has supplemental jurisdiction over "all other claims" that are form part of the same case or controversy, specifically including claims brought through intervention by additional parties. Section 1367(b), however, makes one exception: if the district court's original jurisdiction is based on diversity, and the joinder or intervention of a third party would destroy diversity, then the court's supplemental jurisdiction cannot be invoked.

    Thus, the requirement that a permissive intervenor establish an independent jurisdictional basis is met by the supplemental jurisdiction provided by 28 U.S.C. 1367(a), as long as the court's original jurisdiction was not based on diversity. <u>See</u>

Conseco v. Wells Fargo Financial Leasing, Inc., 204 F.Supp.2d 11186, 1191-4 (S.D. Iowa 2002); Reudiger v. United States Forest Service, 2005 WL 318795 (D. Ore. February 9, 2005) ("28 U.S.C §1367(a) provides an independent basis for jurisdiction"); Scottsdale Ins. Co. v. Subscriptions Plus, Inc., 2000 WL 34226739 (W.D. Wisc. October 20, 2000) ("supplemental jurisdiction *is* an "independent" basis for jurisdiction and can be relied on for the purpose of permissive intervention") (emphasis in original). Cf. Raygor v. Regents of the University of Minnesota, 534 U.S. 533, 539-540 (2002) (discussing origin and purpose of Section 1367).

There is in fact no other plausible way to read Section 1367. 1367(b) specifically prohibits supplemental jurisdiction over intervenors in diversity-based cases where their inclusion would destroy diversity. Rule of construction mandate that supplemental jurisdiction is permissible in any case that is not based on diversity jurisdiction. In this case, WWNS's original complaint is based on federal question jurisdiction. Complaint, ¶ 6. Thus, Intelsat's Motion to intervene may be granted under either Rule 24(a) or 24(b).

For the foregoing reasons, Intelsat General Corporation prays this Court grant its Motion to Intervene and permit it to file its Complaint herein, and such other relief as to the Court seems proper.

INTELSAT GENERAL CORPORATION
By Counsel


_____/s/David I. Bledsoe_____
David I. Bledsoe
Bar Number 422596
700 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)


## CERTIFICATE OF SERVICE

I certify that on March 26, 2007, a copy of the foregoing Memorandum in Support of Motion to Intervene was served by the Court's ECF system upon all counsel of record.

                                              /s/David I. Bledsoe_____
                                             David I. Bledsoe